HART, D. B. A. GREEN ACRES, APPELLANT, v.
BOARD OF LIQUOR CONTROL, APPELLEE.

(No. 4919—Decided October 16, 1953.)

*Messrs. DiSalle, Green & Haddad,* for appellant.
*Mr. C. William O'Neill,* attorney general, *Mr. Robert B. Rady* and *Mr. Kiehner Johnson,* for appellee.

HORNBECK, J. This is an appeal on questions of law from an order of the Common Pleas Court affirming an order of the Board of Liquor Control after the court dismissed the appeal on the ground that it was not perfected as provided by the fourth paragraph of Section 154-73, General Code, in that the notice of appeal was not filed within 15 days after the mailing of the notice of the agency's order.

The order appealed from was a suspension for 30 days of the class D-1 and D-2 permits of appellant.

The chronology of the proceedings here under review is as follows:

The Board of Liquor Control on September 15, 1952, made its order affirming an order of the Department of

Liquor Control holding adversely to the appellant on a citation against her. Notice of this order was mailed to the appellant on September 19, 1952. On September 24, 1952, within the time provided by Regulation 65 of the Board of Liquor Control, appellant filed an application for rehearing with the Board of Liquor Control. The board acted adversely to the appellant on the application for rehearing on Septembr 30, 1952, and notice of such decision was mailed to the appellant on or about October 2, 1952. On October 8, 1952, appellant filed notice of appeal with the Board of Liquor Control.

The errors assigned are numbered one to five, but are fully encompassed in the fifth, namely:

"Does the filing of a timely application for rehearing, in accordance with the provisions of Regulation No. 65 of the Board of Liquor Control, amount to a waiver of the right to appeal to the Court of Common Pleas if the Board of Liquor Control does not pass upon such application in sufficient time to permit the filing of an appeal within fifteen days of its original decision?"

It is the claim of the appellant that the time within which the notice of appeal shall be filed with the Board of Liquor Control begins as of the date of the order denying appellant's application for rehearing. It is the claim of the board that the order appealed from is the action of the board on appellant's appeal and that the notice of appeal must be given within 15 days after the mailing of notice of this order to appellant.

We have been favored with exceptionally complete and comprehensive briefs particularly on the part of appellant. We believe that it would serve no good purpose to pursue all the contentions in appellant's brief and will content ourselves by briefly discussing what we deem to be the controlling factors.

It must be conceded that the final order sought to be appealed from here was the action of the Board of Liquor Control on appellant's appeal from the order of the department. There is no provision in the regulations of the board or by statute which recognizes an appeal from the overruling of an application for rehearing.

Section 12223-3, General Code, provides in part:

"Every final order, judgment or decree of a court and, when provided by law, the final order of any administrative officer, tribunal, or commission may be reviewed as hereinafter provided, unless otherwise provided by law * * *."

Section 154-73, General Code, a part of the Administrative Procedure Act, contains subject matter as to review which may be characterized as "otherwise provided by law." This section is specific in its provision that the notice of appeal shall be filed within 15 days after the mailing of the notice of the agency's order. This requirement admittedly was not met by appellant, but it is contended that the board by section 9 of Regulation 65 has made provision for a rehearing, application for which may be filed with the board within 30 days after the order to which the application is directed. There is no specific language in the rule directed to the tolling of the mandatory time within which the notice of appeal must be filed under Section 154-73, General Code, but it is contended by appellant that the rule of the board has the effect of law and, by implication, grants an extension of the time fixed by Section 154-73, General Code, for the filing of the notice of appeal.

In support of this provision is cited *Kroger Grocery & Baking Co.* v. *Glander, Tax Commr.*, 149 Ohio St., 120, 77 N. E. (2d), 921, and a quotation is taken from page 125 of the opinion:

"This rule [a rule of the Tax Commissioner], like those of other administrative agencies, issued pursuant to statutory authority, has the force and effect of law unless it is unreasonable or is in clear conflict with statutory enactment governing the same subject matter."

If all this sentence is read, consideration must be given to that part which excepts the effect of a rule of an administrative agency which is in clear conflict with statutory enactment concerning the same subject matter.

As we have said, the regulation under consideration makes no mention whatever of the time within which notice of appeal from an order of the board shall be filed. However, assuming that such effect may be read into the rule, the Supreme Court in the cited case has held that it would not be effective because it would be in clear conflict with a statutory enactment on the same subject matter.

It is urged that the Liquor Control Act should be liberally construed. That is true where there is any basis for doubt as to its application. However, statutes fixing the time within which certain procedural steps shall be taken have been without exception strictly construed. Manifestly so, because there is no basis for varying a specific time provision of a statute.

Section 11564, General Code, requires the filing of a bill of exceptions in the trial court within 40 days after the overruling of a motion for new trial. The Supreme Court in *Tenesy* v. *City of Cleveland*, 133 Ohio St., 251, 13 N. E. (2d), 122, held that literal compliance with the provisions of this statute must be observed and that if this is not done, the reviewing court has no authority to consider the contents of such bill. Similar provisions in the earlier statutes have been uniformly interpreted in the same manner.

This court, within the month, has held that the provision of Section 13445-1, General Code, providing the time within which a bill of exceptions in appeals in criminal cases shall be filed and fixing that time as 30 days after judgment and sentence is mandatory. *State v. Potts* (unreported), No. 186, Madison county.

We recognize that there is merit in the contention of appellant that the procedure which a party must follow to perfect an appeal from the Board of Liquor Control and to present an application for rehearing at the same time is somewhat burdensome and, perhaps, should be corrected by legislation. The difficulty could be obviated if the board would hold up the formal order from which the appeal is to be perfected until after it had been determined whether an application for rehearing will be filed, and if filed, until it had acted upon it. This relief, of course, is not within the cognizance of courts.

The judgment is affirmed.

*Judgment affirmed.*

WISEMAN, P. J., and MILLER, J., concur.