PROUT BOILER, HEATING & WELDING, INC., Plaintiff-Appellant, v. DICKSON et, Members of the Board of Education, Austintown Local School District, Mahoning County, Ohio, Defendants-Appellees.

Ohio Appeals, Seventh District, Mahoning County.

No. 4083.   Decided October 6, 1959.

Harrington, Huxley & Smith, Youngstown, for plaintiff-appellant.

Thomas A. Beil, Pros. Atty., Harold H. Hull, Asst. Pros. Atty., Youngstown, for defendants-appellees.

**OPINION**

By GRIFFITH, PJ.

This action is before us de novo on an appeal from the decision of the court of common pleas of Mahoning County.

The appellant is seeking a permanent injunction to restrain the Board of Education of Austintown Local School District from entering into a contract for the heating and plumbing work on two school buildings with the Bloomberg Plumbing Company and to compel the board to let the contract for heating to the appellant, who is admittedly the lowest bidder for the work. The Bloomberg Plumbing Company submitted a bid for both plumbing and heating work. All the facts in this case are before us in a three page stipulation. The Bloomberg bid for both plumbing and heating work is lower by $6,253.00 than the sum of the lowest separate bids for such work.

There being no issues of fact the matter for this court to pass upon is the issue of law whether the Board of Education of the Austintown Local School District is required to award the contracts on the basis of separate bids for (1) plumbing, (2) heating and ventilating, and (3) electrical work where such work exceeds in cost the sum of $1,000.00; or whether such board may award contracts on the basis of a combined bid for any of the three classes of work.

This issue brings into play careful consideration of §§153.02, 153.03, 153.50, 153.51 and 153.52 R. C.

These sections are to be found in Chapter 153 entitled "Buildings," the first twenty sections pertaining to "state buildings," the next twenty-nine sections pertaining to county buildings and bridges, and the last ten sections come under the heading of "contracts for construction."

Secs. 153.02 and 153.03 R. C., require the awarding of separate contracts over $1,000.00 for (1) plumbing, (2) heating, and (3) electrical equipment. Sec. 153.52 R. C., requires that contracts over $10,000.00 be awarded "to the lowest and best separate bidder therefor, * * * unless it is let as a whole, or to bidders for more than one kind of work or materials."

Secs. 153.50 to 153.52, inclusive, R. C., do not apply to the erection of buildings and other structures which cost less than ten thousand dollars, except as provided in §§153.02 and 153.03 R. C.

Appellant calls our attention to the case of Columbus Building and Construction Trades Council v. Moyer, 163 Oh St 189. That case involved the letting of contracts for the remodeling of the student services building on the campus of the Ohio State University.

The court there held that §§153.02 and 153.03 R. C., applied, and that in the erection or alterations of state buildings by the state the person charged with the duty of awarding contracts shall prepare separate plans, specifications and blue prints, and make separate contracts based on separate bids for (1) plumbing, (2) heating and ventilation, and (3) electrical equipment where the entire cost thereof exceeds one thousand dollars.

This case involved the repair or erection of a building "erected by the state." (Sec. 153.02 R. C.)

In the case before us the building is being erected not by the state but by a subdivision of the state, to-wit: a local school district.

In the Moyer case the court held "§§153.50, 153.51 and 153.52 R. C., to be general statutory provisions which cover other subjects as well as the specific subject matter with which we are concerned."

Sec. 153.50 R. C., specifically includes "school districts." Sec. 153.02 R. C., specifically refers to the erection of buildings "in the state by the state."

Sec. 153.52 R. C., provides that the contract shall be let "by the board referred to in §153.50 R. C., in its discretion to the lowest and best separate bidder therefor * * * unless it is let as a whole, or to bidders for more than one kind of work or materials."

It follows that since Bloomberg submitted the lowest and best combined bid for the plumbing and heating work the language of §153.52 R. C., is applicable, clear and specific, and is legislative authority for the board to award the contract on the basis of a combined bid for both plumbing and heating work, and the appellant which submitted the lowest separate bid on the heating job is not entitled to the contract.

We find against the appellant in its quest for this contract and in favor of appellee for the reasons herein set forth. Judgment for the Board of Education.

PHILLIPS and DONAHUE, JJ, concur.