WEIBEL, SR., ET AL., APPELLEES, *v.* PODA ET AL., COMMISSIONERS OF SUMMIT COUNTY, APPELLANTS.

(No. 5223—Decided April 18, 1962.)

*Messrs. Roetzel, Hunsicker & Michaels,* for appellees.

*Mr. John S. Ballard,* prosecuting attorney, and *Mr. John D. Smith,* for appellants.

HUNSICKER, J.   This is an appeal on questions of law from a declaratory judgment entered by the Common Pleas Court of Summit County, Ohio.   The problem which gave rise to this action arose when the Board of County Commissioners of Summit County, Ohio, determined to construct trunk and local sanitary sewers, street laterals, force mains, and a sewage treatment plant, in the Northeast Sewer District in parts of Macedonia Village, Northfield Township, Sagamore Township, and Twinsburg Village.   The project is a single sanitary improvement known as "Macedonia Center Sanitary Improvement No. 74."

The project was divided into two parts.   That part which involves this appeal concerns the bid for an office building, a blower building, a pump building, various tanks, mechanical equipment, piping, plumbing, heating and air conditioning, electric work, site development, concrete sidewalk, metal pipe, catch basin, fencing, and gates.

The authority to do the work involved in this sanitary project is found in Chapter 6117, Revised Code, "Sewer Districts;

County Sewers." Section 6117.27, Revised Code, provides the way in which the bids shall be made and the contract let. The section says, in part, as follows:

"* * * the board of county commissioners shall enter into a written contract with the lowest and best bidder for the construction of the improvement, after advertising for sealed proposals for such construction not less than two nor more than four consecutive weeks in a newspaper published and of general circulation within the county. The bids shall be opened at ten a. m., on the last day for filing the same by the board, and shall be publicly read. Each bid shall contain the full name of each person or company interested in the same, and shall be accompanied by a bond or certified check on some solvent bank within the county, conditioned that if the bid is accepted a contract will be entered into and its performance properly secured, as shall be stated in the advertisements and proposals. In each bid the price of labor and materials shall be separately stated."

In Title I, State Government, Chapter 153, Buildings, of the Revised Code, is found Section 153.50, which says:

"An officer, board, or other authority of the state, a county, township, municipal corporation, or school district, or of any public institution belonging thereto, authorized to contract for the erection, repair, alteration, or rebuilding of a public building, institution, bridge, culvert, or improvement and required by law to advertise and receive proposals for furnishing of materials and doing the work necessary for the erection thereof, shall require separate and distinct proposals to be made for furnishing such materials or doing such work, or both, in their discretion, for each separate and distinct trade or kind of mechanical labor, employment, or business entering into the improvement."

In the instant case, the proposal for bids did not call for "separate and distinct proposals to be made for * * * each separate and distinct trade or kind of mechanical labor, employment, or business entering into the improvement."

The position of the Board of County Commissioners is that Section 6117.27, Revised Code, provides the way in which this sanitary improvement contract is to be let, and Section 153.50, Revised Code, has no application whatsoever. With this position we do not agree.

Section 153.50, Revised Code, requires that separate and distinct proposals shall be required for each separate and distinct trade, such as the electrical trade, in whose behalf the action was begun. This section is applicable whether the contract is to be let by the state, county, township, municipal corporation or school district.

There is no repugnancy between Section 6117.27 Revised Code, and Section 153.50, Revised Code. The meaning of the Legislature is clear and unambiguous. Since there is no conflict between the sections above set out, they must be read *in pari materia.*

"4. When the meaning of the language employed in a statute is clear, the fact that its application works an inconvenience or accomplishes a result not anticipated or desired should be taken cognizance of by the legislative body, for such consequence can be avoided only by a change of the law itself, which must be made by legislative enactment and not by judicial construction." *State, ex rel. Nimberger,* v. *Bushnell et al., Bd. of Edn.,* 95 Ohio St., 203.

Although the effect of Section 153.50, Revised Code, has not been directly determined in a situation similar to that before us, nevertheless, other sections of Chapter 153, Revised Code, and its predecessor chapter of the Ohio General Code, have been given the same interpretation as we herein conclude. See: *Columbus Building & Construction Trades Council* v. *Moyer, Dir.,* 163 Ohio St., 189; *Southern Surety Co.* v. *Standard Slag Co.,* 117 Ohio St., 512; *Prout Boiler, Heating & Welding, Inc.,* v. *Dickson et al., Bd. of Edn.,* 83 Ohio Law Abs., 536.

The proposal for the construction herein of buildings and related functions comes within the purview of this statute as both a public building and an improvement.

It is therefore the opinion of this court that Section 153.50, Revised Code, is a mandatory statute of general application, which requires that, in a proposal for bids in the construction of a sewage treatment plant, under authority of Section 6117.01 *et seq.,* Revised Code, the Board of County Commissioners shall require separate and distinct proposals to be made for each separate and distinct trade or kind of mechanical labor, employment or business entering into the improvement.

We have examined all claimed errors, and find none prejudicial to the substantial rights of the appellants.

The judgment of the Court of Common Pleas must be affirmed.

*Judgment affirmed.*

Stevens, P. J., and Doyle, J., concur.