TOWNSEND, APPELLANT, *v.* BD. OF BUILDING APPEALS, APPELLEES.

(No. 7933—Decided April 21, 1976.)

*Mr. L. Terrence Ufholz* and *Mr. Lee C. Davies,* for appellant.

*Mr. William J. Brown,* attorney general, and *Ms. Gladys F. Burkhart,* for appellee.

MAHONEY, J. This is an appeal from a judgment of the Court of Common Pleas dismissing plaintiff's appeal from a decision by the Board of Building Appeals of the Ohio Department of Industrial Relations, the defendant. The court held that plaintiff had failed to file her notice of appeal with the Board of Building Appeals within 15 days of the mailing of the order of the board, as required by R. C. 119.12. We affirm and hold that the depositing of a notice of appeal in the U. S. mails is not the equivalent of filing a notice of appeal with the board or agency whose order is being appealed.

Plaintiff's sole assignment of error states:

"The trial court erred at law in finding that the notice of appeal filed with the Board of Building Appeals was not 'timely' and thereby dismissing said appeal."

To support this allegation, plaintiff asserts two arguments, the first of which states:

"Civ. R. 6(E) allows an additional three day period in calculating the appellant's appeal time."

Civ. R. 6(E), by its very language, is inapplicable. It reads in pertinent part:

"Whenever a party * * * is required to do some act * * * within a prescribed period after the service of notice * * * upon him and the notice * * * is served * * * by mail, three days shall be added to the prescribed period."

R. C. 119.12 *does not* require a party to do some act within a prescribed period *after the service of notice* upon him; rather, it requires the filing of a notice of appeal with the agency and a copy with the court within 15 days *after the mailing of the notice* of the agency's order.

Additionally, Civ. R. 1(C) provides that the civil rules are not applicable to procedures upon appeal to "review any judgment order or ruling." By their nature, the civil rules are inapplicable.

We would analogize the instant situation to the requirement that a notice of appeal from a judgment of the trial court shall be filed within 30 days of the date of the entry of the judgment appealed from. App. R. 4. A party desiring to appeal is required to do some act within a prescribed period of time. Yet, does Townsend maintain that the 30 days does not begin to run until *actual* notice is received by the party desiring to appeal? There is no provision for the court to mail judgment entries to litigants.

In this case, literal compliance with the provisions of the statute must be observed or the reviewing court will be without jurisdiction to entertain the appeal. See, *Hart* v. *Bd. of Liquor Control* (1953), 96 Ohio App. 128.

The second argument states:

"The interpretation of Section 119.12 Ohio Revised Code, finding that the fifteen day period for filing the no-

tice of appeal begins to run upon the mailing of the decision rather than the receipt of said decision is unconstitutional.''

We find nothing here similar to the denial of due process found by the Supreme Court of the United States in the case of *Sniadach* v. *Family Finance Corp.* (1969), 395 U. S. 337, cited in plaintiff's brief. That case involved pre-judgment garnishment procedures taken without prior notice or the affording of a hearing to the garnishee. There, the court held that to be a taking of property without due process. Here, we have an appeal from the decision of an administrative agency. The right of appeal is not an inherent right but is one conferred by statute. *Arndt* v. *Scott* (1955), 72 Ohio Law Abs. 189. The legislature may condition the exercise of this right as it sees fit. Where the legislature sets a mandatory time limit for the exercise of the right, a failure to comply will render the appellate tribunal without jurisdiction to hear the appeal. *Hart* v. *Bd. of Liquor Control, supra; Arndt* v. *Scott, supra.*

Accordingly, we overrule plaintiff's assignment of error and affirm the judgment of the Court of Common Pleas.

*Judgment affirmed.*

VICTOR, P. J., and DOYLE, J., concur.

DOYLE, J., retired, was assigned to active duty under authority of Section 6 (C), Article IV, Constitution.