SILVER, APPELLANT, *v.* CITY OF OLMSTED FALLS, APPELLEE.

(No. 47809—Decided November 27, 1984.)

*Alan M. Wolk,* for appellant.
*Rick J. Carbone,* for appellee.

MARKUS, P.J. The defendant city removed plaintiff from his position as its building inspector and zoning administrator. The city's civil service commission affirmed that removal order. Thirty days after the commission mailed its decision, plaintiff filed a notice of appeal in the common pleas court. The common pleas court dismissed plaintiff's appeal as jurisdictionally tardy, so he now appeals that ruling to this court. We affirm.

R.C. 124.34 authorizes appeals of removal orders from city civil service commissions to common pleas courts:

"In cases of removal or reduction in pay for disciplinary reasons, either the appointing authority or the officers or employee may appeal from the decision of the state personnel board of review or the commission to the court of common pleas of the county in which the employee resides in accordance with the procedure provided by section 119.12 of the Revised Code."

R.C. 124.01(E) expressly defines the term "commission" to mean "the municipal civil service commission of any city," for the purposes of R.C. Chapter 124.

As R.C. 124.34 directs, the procedures for such an appeal are prescribed by R.C. 119.12, which provides in part:

"Any party desiring to appeal shall file a notice of appeal with the agency setting forth the order appealed from and the grounds of his appeal. A copy of such notice of appeal shall also be filed

by appellant with the court. Unless otherwise provided by law relating to a particular agency, such notices of appeal shall be filed within fifteen days after the mailing of the notice of the agency's order as provided in this section."

Plaintiff's failure to file his notice of appeal within fifteen days after the commission mailed its order deprived the common pleas court of jurisdiction.[1] Cf. *Townsend* v. *Bd. of Bldg. Appeals* (1976), 49 Ohio App. 2d 402 [3 O.O.3d 461].

Plaintiff contends that Section 10.05(d) of the defendant city's charter authorized him to file his notice of appeal when he filed it. It provides in part:

"The [Civil Service] Commission shall hear appeals from the action of the Mayor or Council in any case of transfer, reduction or removal of an employee within the classified service, except as otherwise provided in this Charter; and the action of the Commission on any such appeal shall be final, except that an appeal to a court of law may be made within thirty (30) days from the date of the Commission decision. Notice of such appeal shall also be filed with the Civil Service Commission."

However, a municipal charter cannot vest jurisdiction in a common pleas court. That court's authority derives from state statutes pursuant to Section 4, Article IV of the Ohio Constitution. The "home rule" power of a chartered municipality does not extend to activities outside its local governance. *State, ex rel. Canada,* v. *Phillips* (1958), 168 Ohio St. 191 [5 O.O.2d 481]. Indeed, a chartered municipality cannot regulate activities within its territory in a manner that conflicts with valid general laws.

*State, ex rel. Evans,* v. *Moore* (1982), 69 Ohio St. 2d 88, 89-90 [23 O.O.3d 145].

Thus, the city could not authorize or define procedures for appeals to the common pleas court. The involvement of a city employee and city agencies does not enhance the city's ability to regulate state court proceedings. Otherwise, it could exert authority over the appeal of such matters from the common pleas court to this court or to the Supreme Court.

Plaintiff argues that R.C. 119.12 delegates the power to fix the time for appeal by allowing fifteen days "[u]nless otherwise provided by law relating to a particular agency." However, a municipal charter provision which exceeds the city's home rule authority is not a "law" within the meaning of state statutes using that term. The reference to other laws in R.C. 119.12 simply recognizes that other state statutes regulate procedures for appeals from other types of administrative decisions.

The state statute could not properly delegate authority for municipalities to control procedures for appeal to state courts outside the municipality. Additionally, the disputed charter provision purports to authorize appeals "to a court of law" without designating which court. We conclude that this charter provision has no legal effect on appeals to the common pleas court.

Plaintiff's assigned error is overruled and the trial court's judgment is affirmed.

*Judgment affirmed.*

STRAUSBAUGH, J., concurs.

---

[1] The city argues that plaintiff had only ten days in which to file his notice of appeal pursuant to R.C. 2506.01 and 2505.07(B). Those code provisions authorize appeals within ten days from "[e]very final order, adjudication, or decision of any officer, tribunal, authority, board, bureau, commission, department or other division of any political subdivision of the state * * *." They apply to appeals from civil service commission orders which do not involve "removal or reduction in pay for disciplinary reasons," for which separate specific provision is established by R.C. 124.34 and 119.12.

Russo, J., not participating.

Strausbaugh, J., of the Tenth Appellate District, sitting by assignment in the Eighth Appellate District.