**Pekou Corp. v.
Liquor Control Commission**
*[Cite as 6 AOA 321]*

*Case No. 90AP-147
Franklin County, (10th)
Decided August 7, 1990*

*James M. Sterner and J. Richard Lumpe, for Appellant.*

*Anthony J. Celebrezze, Jr., Attorney General, Chester T. Lyman, Jr., and Kurt O. Gearhiser, for Appellee.*

MCCORMAC, J.

This matter came before the Liquor Control Commission ("commission") which, on December 29, 1988, sustained the order of the Department of Liquor Control ("department") denying the renewal of appellant Pekou Corporation's 1987-88 liquor permit. Pekou filed a motion for reconsideration with the commission on January 5, 1989, and the commission issued an order on January 13, 1989, which granted a stay pending the outcome of the reconsideration. On February 9, 1989, the commission overruled the motion for reconsideration and reaffirmed its order of December 29, 1988.

Appellant appealed that order to the Franklin County Common Pleas Court on February 13, 1989. Appellee's motion to dismiss the appeal was sustained on the basis that appellant failed

to file a timely appeal and that, therefore, the court lacked subject matter jurisdiction.

Pekou Corporation appeals the dismissal asserting that the court of common pleas erred in finding that appellant had not filed his appeal to the court in a timely manner.

The sole issue is whether a motion for reconsideration, which is granted by the commission before an appeal to the court is filed and prior to the expiration of the statutory fifteen-day appeal period, tolls the fifteen-day time period for filing an appeal to the common pleas court until the commission issues a ruling on the motion for reconsideration.

In *Artz Lincoln Mercury, Inc. v. Ford Motor Co.* (1986), 28 Ohio St. 3d 20, the Supreme Court held that the Ohio Motor Vehicle Dealer's Board has jurisdiction to rule upon an application for rehearing of its decision if the application was filed before judicial appeal and prior to expiration of the statutory appeal period if the Board renders its reconsidered decision within a short and reasonable time, not to exceed any statutory or administrative regulations restricting the exercise of reconsideration. In *Artz,* the court did not specifically state whether the affect of allowing a ruling upon the motion for reconsideration after the statutory appeal period affects appeal time of the original order or makes it final because no appeal was taken from that order within fifteen days after it was issued. However, the *Artz* court held that the granting of the motion to reconsider renders the original order a nullity and that jurisdiction does not cease if there is no ruling on the reconsideration within fifteen days. Therefore, it logically follows that, if the administrative agency has jurisdiction to issue a reconsidered order, either affirming or rejecting the original order within a reasonable time after the fifteen-day period for appeal has elapsed, that time for either party to appeal starts running from the date of the order denying or affirming reconsideration. Otherwise the original order would be final once fifteen days has elapsed and there would be no point in allowing a reconsidered order to be issued after the time for appeal had run. Thus, we believe *Artz* effectively overrules our holding in *Hart v. Bd. of Liquor Control* (1953), 96 Ohio App. 128, in which we stated that the filing of a timely application for rehearing does not toll the time for appeal to the court of common pleas if the Board of Liquor Control does not pass upon such application in sufficient time to permit the filing of an appeal within fifteen days of its original decision.

Appellant's assignment of error is sustained. The judgment of the trial court is reversed and the case is remanded to the court for further procedure consistent with this opinion.

*Judgment reversed and case remanded.*

BOWMAN and FAULKNER, J.J., concur.

FAULKNER, J., of the Hardin County Common Pleas Court, sitting by assignment in the Tenth Appellate District.