SERENITY RECOVERY HOMES, INC., Appellant,

v.

SOMANI, Dir., Appellee.

[Cite as *Serenity Recovery Homes, Inc. v. Somani* (1998), 126 Ohio App.3d 494.]

Court of Appeals of Ohio,
Seventh District, Mahoning County.

No. 96 C.A. 124.

Decided March 4, 1998.

*Mark S. Colucci,* for appellant.

*Betty D. Montgomery,* Attorney General, and *Bobbi Lynn Jacobs,* Assistant Attorney General, for appellee.

VUKOVICH, Judge.

This is an appeal from a judgment of the Common Pleas Court of Mahoning County, Ohio, wherein the court adopted the magistrate's decision to dismiss the administrative appeal filed by appellant upon the ground that the appeal was untimely filed. For the reasons set forth below, we affirm the judgment of the court of common pleas.

## FACTS

Appellant, Serenity Recovery Homes, Inc., is an adult group home which is licensed through the Ohio Department of Health. Basically, the home provided housing to fourteen mentally challenged adults.

On January 1, 1995, appellant applied to have its group home license renewed. However, on March 21, 1995, the Ohio Department of Health issued a notice of licensure violations, which included a plan of correction. After several additional visits to the home during March and May 1995, a litany of additional violations and deficiencies was allegedly discovered by the Ohio Department of Health, which continued to issue to the appellant notices of licensure violations with

appropriate plans for correction. Due to the ongoing violations that remained uncorrected, the Director of Health, appellee herein, issued a letter to George Rafidi, Administrator of Serenity Recovery Homes, Inc., of his intention to issue an order not to renew appellant's license for the following reasons: the failure of appellant to maintain its outdoor garbage receptacles with tight-fitting lids, a persistent strong odor of urine present in the facility, and the absence of a physician's statement with respect to the residents' ability to self-medicate.

Upon appellant's request, and pursuant to statutory law, an administrative hearing was conducted before a hearing examiner, during which evidence and testimony were presented. Ultimately, the hearing examiner recommended the nonrenewal of appellant's license, and she explained her recommendation as follows in her report:

"This recommendation is based upon the Facility's lack of a currently valid affiliation agreement with the community mental health board or an affiliation agreement approved by the community mental health board between the home and the mental health agency, violations that affect the health, safety, and welfare of the Facility's residents, and failure to correct violations over a substantial period of time."

On January 11, 1996, appellee issued an adjudication order in which he adopted the hearing examiner's recommendation of non-renewal and ordered the transfer of all but two residents to other facilities.

The adjudication order was sent by certified mail on January 16, 1996 to appellant's counsel, with a copy sent directly to appellant. Ostensibly, the notification letter advising appellant of its appeal rights was not received until January 20, 1996.

R.C. 119.12 sets forth in unequivocal terms the time frame in which a party may appeal an administrative agency's order. This section recites in part:

"Any party desiring to appeal shall file a notice of appeal with the agency setting forth the order appealed from and the grounds of his appeal. A copy of such notice of appeal shall also be filed by the appellant with the court. Unless otherwise provided by law relating to a particular agency, such notices of appeal shall be filed within fifteen days after the mailing of the notice of the agency's order as provided in this section."

Appellant filed a notice of appeal with the common pleas court on January 31, 1996, which was fifteen days after the adjudication order was mailed from Columbus. A copy of the notice of appeal was not actually received at the Ohio Department of Health until February 5, 1996—five days beyond the fifteen-day time limit for filing an appeal under R.C. 119.12.

Appellee filed a motion to dismiss the appeal in the court of common pleas, and a magistrate was assigned to preside over the matter. The magistrate dismissed the appeal, since appellant failed to file the notice of appeal with the Ohio Department of Health within fifteen days of the mailing of the adjudication order, pursuant to the statutory requirement. On June 10, 1996, the trial court adopted the magistrate's decision, noting that the court had no jurisdiction to hear the appeal due to the untimely filing. It is from that order that this appeal emanates.

Appellant alleges one assignment of error composed of three subparts:

"1. The trial court abused its discretion when granting appellee's motion to dismiss, which was based upon appellant's alleged failure to timely file and serve the appellee with a notice of appeal, as outlined in Chapter 119.12 of the Ohio Revised Code.

"a. Appellee is estopped from raising the alleged defect due to its own failure to follow established Ohio procedure due appellant.

"b. Even assuming *arguendo* that a jurisdictional defect did occur, there is no mandatory requirement that this court dismiss the appeal.

"c. Even assuming that this court was inclined to dismiss the appeal, such an action would constitute an abuse of discretion and a gross injustice to appellant."

This court will first address the assignment of error in general and will then analyze the three subparts to that assignment of error.

▬ Appellant contends that the trial court abused its discretion when it dismissed the administrative appeal. The court of common pleas did not review the order issued by appellee denying appellant's application for renewal of its group home license because the court had no jurisdiction over the matter due to the untimely filing of the notice of appeal. Even though appellant's notice of appeal was timely filed with the court, appellant failed to timely file the notice with the Ohio Department of Health. Such a defect is jurisdictional and dismissal of the administrative appeal will be upheld. See *Holley v. Gallipolis Developmental Ctr.* (Aug. 20, 1984), Gallia App. No. 83 CA 7, unreported, 1984 WL 5605. Similarly, under the Ohio Rules of Appellate Procedure, the failure to timely file a notice of appeal with the trial court is a jurisdictional defect depriving the superior court of the authority to proceed to judgment. See *Bosco v. Euclid* (1974), 38 Ohio App.2d 40, 67 O.O.2d 209, 311 N.E.2d 870.

In the first subpart to appellant's assignment of error, appellant asserts that appellee should be estopped from arguing a jurisdictional defect because it failed to comply with "Ohio procedure due appellant." Appellant relies upon the fact that the adjudication order was signed on January 11, 1996 and was sent with a

cover letter dated January 12, 1996, but was not actually mailed to appellant until January 16, 1996. Accordingly, appellant alleges that it was deprived of a full fifteen-day period in which to file a notice of appeal with the agency.

■ Appellant's argument fails for two main reasons. First, estoppel generally does not apply against the state or its agencies when the act involved is a governmental function. *Ohio State Bd. of Pharmacy v. Frantz* (1990), 51 Ohio St.3d 143, 555 N.E.2d 630. Second, appellant's notice of appeal was not mailed to the Ohio Department of Health until February 1, 1996. Accordingly, even if we use the date the appellee actually mailed its adjudication order (January 16, 1996), the appellant still failed to meet the fifteen-day requirement set forth in R.C. 119.12.

Appellant cites *Sun Refining & Marketing Co. v. Brennan* (1987), 31 Ohio St.3d 306, 31 OBR 584, 511 N.E.2d 112, in an attempt to support its position. However, appellant's reliance upon *Sun Refining* is not helpful to its argument. In that case, the Supreme Court of Ohio held that the mailing of an uncertified copy of an adjudication order to local counsel was inadequate pursuant to R.C. 119.09, which required service of the order by certified mail on the party affected, as well as that party's attorney. Furthermore, the court held as follows:

"The fifteen-day appeal period provided in R.C. 119.12 does not commence to run until the agency whose order is being appealed fully complies with the procedural requirements set forth in R.C. 119.09."

Appellee fully complied with the procedural requirements set forth in R.C. 119.09, and appellant has not alleged any facts which would bring actual service on the party affected, appellant herein, into issue. Accordingly, the first subpart of appellant's assignment of error is without merit.

The second subpart of appellant's assignment of error alleges that the minor defect of failing to timely file the notice of appeal with the Ohio Department of Health does not warrant the extreme penalty of dismissal. Appellant's argument understates the significance of its procedural error. Appellant's failure to file the notice of appeal with the agency within the fifteen-day period provided by R.C. 119.12 is considered a jurisdictional defect, as discussed above. See *Harrison v. Ohio State Med. Bd.* (1995), 103 Ohio App.3d 317, 659 N.E.2d 368. Accordingly, "literal compliance with the provisions of the statute *must* be observed or the reviewing court will be without jurisdiction to entertain the appeal." (Emphasis added.) *Townsend v. Ohio Bd. of Bldg. Appeals* (1976), 49 Ohio App.2d 402, 3 O.O.3d 461, 361 N.E.2d 271, citing *Hart v. Ohio Bd. of Liquor Control* (1953), 96 Ohio App. 128, 54 O.O. 217, 121 N.E.2d 257. Appellant claims that there is no mandatory requirement that the trial court dismiss the appeal when there is a jurisdictional defect. However, if the court has no jurisdiction over a matter, it

has no choice but to dismiss the case, since it does not have the power or authority to review the issues involved. Therefore, appellant's assertion that there is no mandatory requirement to dismiss the appeal is incorrect. The trial court properly dismissed the appeal in this case in accordance with established law because it had no jurisdiction over the case. We do not find the second subpart of appellant's assignment of error to have merit.

Appellant's last subpart to its assignment of error claims that the dismissal of the appeal is an abuse of discretion which results in gross injustice to appellant. Appellant cites *Kertes Ent., Inc. v. Orange Village Planning Zoning Comm.* (1990), 71 Ohio App.3d 151, 593 N.E.2d 306, and argues that based on the *Kertes* decision, dismissal is proper only when there is a flagrant, substantial disregard for court processes and prejudice results to the opposing party. Appellant's reliance on *Kertes* is also misplaced. In that case, the Eighth District Court of Appeals held that the untimely filing of a praecipe pursuant to an administrative appeal under R.C. 2505.03(B) did not constitute a jurisdictional defect that was fatal to the party filing the appeal. The court based its decision on the fact that it found no prejudice to the other party, no flagrant abuse of procedure, and the appellant had a reasonable belief that no praecipe was necessary. The *Kertes* case is clearly distinguishable because it did not deal with the issues that revolve around the timely filing of an appeal from an administrative agency's order, but, instead, dealt only with the fact that a praecipe was not timely filed.

Appellant's third subpart of its assignment of error is unfounded: The trial court had no jurisdiction to consider the appeal because of appellant's failure to timely file with the administrative agency. Therefore, the trial court had no discretion whatsoever with respect to choosing whether to review the matter. Accordingly, where no discretion to act exists, there can be no abuse of discretion.

Appellant's sole assignment of error, including all of its subparts, is without merit and overruled.

■ We are sympathetic to the plight of the appellant. In an appeal of an administrative agency decision, an aggrieved party has only fifteen days by statute to file an appeal. Since the state of Ohio has the double advantage of starting the fifteen-day period upon the *mailing* of its decision and ending it upon its *receipt* of an appeal, it is obvious that an appellant in actuality has less than fifteen days to perfect its appeal of an administrative decision. However, we cannot permit that sympathy to cause us to ignore the plain meaning of an unambiguous statute. Indeed, it is well established that when the language of the statute is clear, "the fact that its application works an inconvenience or accomplishes a result not anticipated or desired should be taken cognizance of by the legislative body, for such consequence can be avoided only by a change of the law itself, which must be made by a legislative enactment and not by judicial

construction." *Weibel v. Poda* (1962), 116 Ohio App. 38, 40, 21 O.O.2d 260, 261, 186 N.E.2d 504, 506, citing *State ex rel. Nimberger v. Bushnell* (1917), 95 Ohio St. 203, 116 N.E. 464.

The only question which could have possibly been raised in this case is the issue of the constitutionality of the requirement found in R.C. 119.12 that a notice of appeal be filed within fifteen days after the administrative agency's order is mailed. However, as that issue was not raised at the trial court level, nor was it raised by appellant for this court's consideration, we cannot address any constitutional issues with respect to R.C. 119.12.[1]

Based on the foregoing reasons, the trial court's dismissal of appellant's administrative appeal is hereby affirmed.

*Judgment affirmed.*

WAITE, J., concurs.

COX, J., concurs in judgment only.

----

1. It should be noted that the Ninth District Court of Appeals considered the constitutionality of R.C. 119.12 in *Townsend v. Ohio Bd. of Bldg. Appeals* (1976), 49 Ohio App.2d 402, 3 O.O.3d 461, 361 N.E.2d 271, and found that there was no denial of due process by the statutory requirement that a notice of appeal from an agency's order be filed within fifteen days after the notice of the order is mailed. The court also held that the right of appeal from the decision of an administrative agency is not an inherent right but is a right conferred by statute, and, therefore, the legislature may condition the exercise of such right as it sees fit.