DECISION AND JUDGMENT ENTRY
This case is before us on appeal from the Lucas County Court of Common Pleas, which denied appellant Lydia Webb's motion to dismiss and, upon accepting her plea of no contest, found her guilty of attempted retaliation. Because we find that the trial court properly denied appellant's motion to dismiss, we affirm the judgment of the trial court.
In 1987, appellant pleaded guilty in Lucas County of voluntary manslaughter. The court reporter at appellant's trial was Janet McGill. In 2000, appellant appeared in Janet McGill's office and requested a transcript from her 1987 trial. Appellant asserted that she had requested this transcript three years earlier and had not received it. As Ms. McGill was trying to elicit identifying information from appellant in order to locate the file, appellant became belligerent and threatened to "get" Ms. McGill, saying that she knew who and where she was. Because of these actions, appellant was charged with intimidation and retaliation.
Appellant filed a motion to dismiss in the trial court, contending that the facts could not support a conviction for retaliation or intimidation. Following oral argument, the trial court denied the motion. Appellant then pleaded no contest to attempted retaliation, and the state entered a nolle prosequi as to the intimidation charge. Appellant now appeals, setting forth the following two assignments of error:
"FIRST ASSIGNMENT OF ERROR
 APPELLANT WAS INDICTED INCORRECTLY FOR TWO FELONIES; THE FACTS FIT NEITHER, THEREBY VIOLATING HER DUE PROCESS RIGHTS."
"SECOND ASSIGNMENT OF ERROR
 THE TRIAL COURT IMPROPERLY DENIED APPELLANT'S MOTION TO DISMISS, CAUSING REVERSIBLE ERROR."
The two assignments of error essentially raise one issue: Did the trial court err in denying appellant's motion to dismiss? Since the state entered a nolle prosequi as to the intimidation charge, we shall answer this question only as to the retaliation charge. Additionally, since we are reviewing the trial court's decision to deny the motion to dismiss, we review this issue de novo. See T. Carroll Ent., Inc. v.Hammitt (Oct. 9, 1998), Lucas App. No. L-98-1113, unreported, discretionary appeal not allowed (1999), 85 Ohio St.3d 1405; Smith v.Toledo Bd. of Edn. (Apr. 28, 1995), Lucas App. No. L-94-162, unreported.
The elements of retaliation are set out in R.C. 2921.05(A), which states:
 "No person, purposely and by force or by unlawful threat of harm to any person or property, shall retaliate against a public servant, a party official, or an attorney or witness who was involved in a civil or criminal action or proceeding because the public servant, party official, attorney, or witness discharged the duties of the public servant, party official, attorney, or witness."
We are mindful that we are to construe criminal statutes strictly against the state. See R.C. 2901.04(A)[1]; State v. Gray (1992),62 Ohio St.3d 514, 515. However, in interpreting a statute, we must first look to the words of the statute to determine if they are clear and unambiguous. State ex rel. Jones v. Conrad (2001), 92 Ohio St.3d 389,392. If the words are clear and unambiguous, there is no need for statutory construction; we must simply apply the statute. Id.
In this case, we find that the statute is clear and unambiguous.[2]
All of the words have clear meanings, and the phrases and clauses used create no confusion. Clearly, Ms. McGill is a public servant; clearly, she was previously involved in a criminal case against appellant; clearly, Ms. McGill was discharging her official duties in attempting to secure a transcript for appellant and in questioning appellant in furtherance of that task; and clearly, appellant purposely threatened harm to Ms. McGill.
The general thrust of appellant's argument is that the statute does not apply because appellant did not threaten Ms. McGill because of Ms. McGill's actions in the previous case. However, the statute does not require this. We can only apply the statute. As other courts have noted:
 "[I]t is well established that when the language of the statute is clear, `the fact that its application works an inconvenience or accomplishes a result not anticipated or desired should be taken cognizance of by the legislative body, for such consequence can be avoided only by a change in the law itself, which must be made by a legislative enactment and not by judicial construction.'" Serenity Recovery Homes, Inc. v. Somani
(1998), 126 Ohio App.3d 494, 499-500, quoting Weibel v. Poda (1962), 116 Ohio App. 38, 40.
We find both of appellant's assignments of error not well-taken.
On consideration whereof, we find that substantial justice was done the party complaining, and the judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the court costs of this appeal.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Melvin L. Resnick, J., Richard W. Knepper, J., and Mark L.Pietrykowski, P.J., CONCUR.
[1] R.C. 2901.04(A) provides:
 "(A) Except as provided in division (C) of this section, sections of the Revised Code defining offenses or penalties shall be strictly construed against the state, and liberally construed in favor of the accused."
[2] The Montgomery County Court of Appeals found R.C. 2921.05(B) (relating to retaliation against crime victims) ambiguous because the statute was not clear as to whether the threat had to be communicated directly to the victim or whether it could be communicated to a third party. See State v. Lambert (June 5, 1998), Montgomery App. No. 16667, unreported appeal dismissed (1999), 84 Ohio St.3d 1503. That is not the issue here. For our purposes in this case, the statute is unambiguous.