{¶ 1} This timely appeal comes for consideration upon the record in the trial court and the parties' briefs. Defendant-Appellant, Jeanne Didick, attempts to appeal two decisions of the Carroll County Court of Common Pleas, Domestic Relations Division. The first decision granted a divorce between her and Plaintiff-Appellee, Michael Didick, III. In the second decision, the trial court denied Jeanne's Civ.R. 60(B) motion to vacate that judgment. The issues we must resolve are: 1) whether the trial court abused its discretion when it divided the couple's marital property, and 2) whether the trial court abused its discretion when it denied Jeanne's motion to vacate the judgment granting a divorce. We do not have subject matter jurisdiction over the trial court's decision denying Jeanne's motion to vacate judgment due to her failure to file a timely notice of appeal. However, we conclude the trial court abused its discretion when it divided the Didick's marital property. Accordingly, we reverse its decision and remand the case to the trial court solely for the purpose of properly dividing their marital property.
 {¶ 2} On March 1, 2001, Michael filed a complaint for divorce. Contemporaneous with that complaint, he requested service upon Jeanne be accomplished via certified mail. That service failed. Michael then requested service by regular first class mail in accordance with Civ.R. 4.6.
 {¶ 3} The trial court heard the case on May 18, 2001. Neither Jeanne nor her counsel appeared at the hearing. That same day, the trial court entered judgment, granting the divorce. The trial court awarded Michael the household goods and furnishings, the marital home free and clear of all claims by Jeanne, and made him responsible for the mortgage debt and certain marital debts. The trial court awarded Jeanne her personal possessions, clothes, jewelry, and a truck while awarding all other property to Michael. The trial court also awarded Michael his retirement benefits free and clear of all claims of Jeanne and each party was awarded their Social Security benefits free and clear of all claims of the other. Finally, the trial court denied spousal support.
 {¶ 4} On June 13, 2001, Jeanne filed a Civ.R. 60(B) motion to vacate the judgment, arguing she received neither formal nor constructive notice of the action. Before the trial court ruled on that motion, Jeanne filed a notice of appeal of the trial court's May 18, 2001 decision. The trial court stayed ruling on the motion to vacate judgment as this appeal was pending. This court then issued a journal entry granting a limited remand to allow the trial court to rule on the pending motion to vacate judgment. The trial court heard the motion and denied it in an August 21, 2001 judgment entry. Jeanne did not file a notice of appeal from this second judgment.
 {¶ 5} Jeanne argues two assignments of error on appeal. Her first assignment of error deals with the correctness of the trial court's division of the marital property while the second deals with the trial court's decision to deny her motion to vacate the judgment. Because resolution of the merits for Jeanne's second assignment of error renders the first assignment of error moot, we will address her second assignment of error first.
 {¶ 6} In her second assignment of error, Jeanne asserts:
 {¶ 7} "The trial court abused its discretion and acted arbitrarily and unreasonably to the prejudice of Appellant in denying Appellant's motion to vacate the trial court's original order of May 18, 2001, in that the trial court's decision was against the manifest weight of the evidence and is contrary to law."
 {¶ 8} Jeanne challenges the propriety of the trial court's August 21, 2001 judgment entry denying her motion to vacate judgment. However, Jeanne failed to timely file a notice of appeal following the trial court's decision.
 {¶ 9} Before we can address the merits, we must first determine whether we have subject matter jurisdiction. It is axiomatic that subject matter jurisdiction cannot be waived, cannot be conferred upon a court by agreement of the parties, may be raised for the first time on appeal, and may be the basis for sua sponte dismissal. Fox v. Eaton Corp. (1976),48 Ohio St.2d 236, 238, 2 O.O.3d 408, 358 N.E.2d 536, overruled on other grounds by Manning v. Ohio State Library Bd. (1991), 62 Ohio St.3d 24,577 N.E.2d 650; Civ.R. 12(H). Pursuant to App.R. 3(A) and 4(A), a notice of an appeal as of right must be filed with the clerk of the trial court within thirty days of the judgment or final order from which the appeal is taken. This requirement is jurisdictional and the lack of a timely notice of appeal from a judgment deprives this court of the authority to proceed to judgment. Serenity Recovery Homes, Inc. v. Somani (1998),126 Ohio App.3d 494, 497, 710 N.E.2d 789; see also Donofrio v. AmerisureIns. Co. (1990), 67 Ohio App.3d 272, 276, 586 N.E.2d 1156, citingMoldovan v. Cuyahoga Cty. Welfare Dept. (1986), 25 Ohio St.3d 293, 25 OBR 343, 496 N.E.2d 466.
 {¶ 10} This Court's recent case, Binger v. Binger, 7th Dist. Nos. 493, 509, 2001-Ohio-3349, illustrates the proper procedure for a party to obtain appellate review of the denial of a Civ.R. 60(B) motion to vacate a judgment. In that case, the appellant filed a notice of appeal before the trial court ruled on a Civ.R. 60(B) motion to vacate the judgment and this Court remanded the case to the trial court so it could rule on that motion. After the trial court denied the motion, the appellant filed a second notice of appeal. This Court then consolidated the appeals so it could address both the underlying judgment as well as the denial of the motion to vacate that judgment simultaneously.
 {¶ 11} Jeanne's actions in this case provide an important contrast to the appellant's in Binger. Here, Jeanne made a Civ.R. 60(B) motion to vacate judgment and, as the appellant did in Binger, filed her notice of appeal before the trial court ruled on that motion. As in Binger, we remanded the case to the trial court so that it could rule on the pending motion. In contrast to the appellant's proper actions in Binger, Jeanne failed to file a notice of appeal following the trial court's judgment on the Civ.R. 60(B) motion while the case was on remand. Instead, Jeanne argues the propriety of the trial court's judgment on the motion in the appeal arising from the original judgment granting divorce.
 {¶ 12} As we have recently stated, an appeal is from a trial court's judgment. In re Beck, 7th Dist. No. 00 BA 52, 2002-Ohio-3460, ¶ 21. A new judgment necessitates a new appeal. Id. In this case, Jeanne's failure to file a notice of appeal after the trial court denied her motion to vacate the original judgment prevents this court from exercising jurisdiction over this assignment of error. Jeanne's second assignment of error is meritless.
 {¶ 13} In her first assignment of error, Jeanne asserts:
 {¶ 14} "The trial court abused its discretion to the prejudice of Appellant in determining its division of property under its initial decree of May 18, 2001. Such division of property is arbitrary, unconscionable, and contrary to law, in violation of O.R.C. 3105.17.1 et seq. and 3105.18 et seq."
 {¶ 15} According to Jeanne, the trial court's judgment entry is erroneous for three reasons. She first maintains the trial court abused its discretion when it failed to make findings of fact, thus preventing effective appellate review. She next argues the trial court erred when it failed to grant spousal support. Finally, Jeanne contends alternatively the trial court had the affirmative duty to inquire into Jeanne's absence or Michael had the duty to inform the court of parallel divorce proceedings instituted by Jeanne in Stark County.
 {¶ 16} Jeanne's first argument concerns whether the trial court properly divided the couple's marital property. A trial court must equitably divide property between the spouses at divorce. R.C. 3105.171(B). When reviewing a trial court's determinations in a domestic relations case, an appellate court applies the abuse of discretion standard. Boothv. Booth (1989), 44 Ohio St.3d 142, 144, 541 N.E.2d 1028. The term "abuse of discretion" connotes more than an error of law or judgment; it implies the court's attitude is unreasonable, arbitrary or unconscionable.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219, 5 OBR 481,450 N.E.2d 1140. An appellate court may not substitute its judgment for that of the trial court unless, considering the totality of the circumstances, the trial court abused its discretion. Holcomb v. Holcomb
(1989), 44 Ohio St.3d 128, 131, 541 N.E.2d 597. Further, this Court should not independently review the weight of the evidence but should be guided by the presumption that the trial court's findings are correct.Miller v. Miller (1988), 37 Ohio St.3d 71, 74, 523 N.E.2d 846.
 {¶ 17} Generally, when a trial court is allocating property between parties to a divorce, it must indicate the basis for its award in sufficient detail to enable a reviewing court to determine that the award is fair, equitable, and in accordance with the law. Kaechele v. Kaechele
(1988), 35 Ohio St.3d 93, 97, 518 N.E.2d 1197. If the trial court fails to indicate its basis for the award in sufficient detail, then it abuses its discretion. Heslep v. Heslep (June 14, 2000), 7th Dist. No. 825. "If we cannot determine why the trial court decided as it did, then the decision should be reversed and the case remanded for further proceedings." Davis v. Davis, 7th Dist. No. 2000 CO 31, 2001-Ohio-3513.
 {¶ 18} The requirement that a trial court indicate the basis for its award in sufficient detail to allow for effective appellate review applies to both contested and uncontested divorces because that requirement is statutory. "In any order for the division or disbursement of property or a distributive award made pursuant to this section, the court shall make written findings of fact that support the determination that the marital property has been equitably divided and shall specify the dates it used in determining the meaning of `during the marriage.'" (Emphasis added) R.C. 3105.171(G).
 {¶ 19} This court has previously addressed whether the requirements of Kaechele must be followed in an uncontested divorce. InRudloff v. Rudloff (Aug. 26, 1999), 7th Dist. No. 96 CA 60, the husband failed to file an answer and, when he appeared at the hearing, the trial court denied his motion for leave to file an answer instanter. The trial court then proceeded to treat the matter as an uncontested divorce. On appeal, one of the issues this court had to address was whether the trial court abused its discretion when awarding spousal support. This court found the trial court's judgment entry was insufficient. "The trial court's order appears to be merely an adoption of appellee's proposed journal entry. Even in an uncontested divorce, the trial court must follow the dictates of Kaechele. Vanderpool v. Vanderpool (1997),118 Ohio App.3d 876, 881-82, 694 N.E.2d 164. Furthermore, the court must consider the relevant statutory factors. Although the court need not list every factor in the journal entry, it seems unlikely that the court considered the relevant factors since no evidence was presented on any of them." Id. at 6.
 {¶ 20} In this case, the trial court's judgment entry simply grants Michael the relief he requested. The entry neither distinguishes between marital and separate property nor indicates how it assigned value to any of the marital property when allocating the property between the parties. There is no way to know from this judgment entry how the trial court decided this was an equitable division of property. Furthermore, the trial court could not have made the necessary factual findings as there was no evidence presented on the relevant issues. The only evidence in the record is Michael's financial statement and his statement of how he would like the property to be divided.
 {¶ 21} Trial courts are under an obligation to equitably divide a couple's marital property at divorce even if the divorce is uncontested. Furthermore, they may not enter default judgment in a divorce action. Civ.R. 75(F). Thus, even though a final hearing may be uncontested, it is still a trial on the merits and a trial court must base its decision upon the evidence in the record. Williams v. Williams (Sept. 29, 2000), 11th Dist. No. 99-A-0008, at 4. Because the trial court did not and could not indicate the basis for its award in sufficient detail to enable a reviewing court to determine that the award is fair, equitable, and in accordance with the law, it abused its discretion when it divided the Didick's property. This argument is meritorious.
 {¶ 22} Jeanne also contends the trial court erred by not considering whether spousal support was appropriate in this case. However, a trial court only needs to make this determination upon the request of a party to the divorce. R.C. 3105.18(B). Because the record reflects no such request, the trial court could not have made that determination. Accordingly, the trial court did not abuse its discretion when it failed to consider whether spousal support was appropriate pursuant to R.C. 3105.18. Jeanne's second argument is meritless.
 {¶ 23} Jeanne's final contention is that the trial court's judgment should be reversed because "[n]o inquiry was made of Appellee or his counsel whether or not they knew of representation of Appellant or whether or not they knew of any other court with an action pending consistent with the proceedings to be properly adjudicated in Carroll County at that time." In her brief, Jeanne admits she has not discovered "any case law dealing with this extra duty to be placed on the court or counsel for the lone appearing party" but urges such a duty be placed as "it seems in the spirit of equity" that such an inquiry be made.
 {¶ 24} We need not decide whether or not such a duty does or should exist as we cannot find prejudicial error in the possible breach of that alleged duty. Nothing in the record reflects Jeanne was represented by counsel, that divorce proceedings had been filed elsewhere, or anything other than the fact that Jeanne neither answered the complaint or appeared at the hearing. Even if this duty did exist, Jeanne would have to obtain relief pursuant to Civ.R. 60(B) rather than on direct appeal. Accordingly, this final argument is meritless.
 {¶ 25} We conclude the trial court abused its discretion when it distributed the marital property between the parties because it did not and could not indicate the basis for its award in sufficient detail to enable a reviewing court to determine that the award is fair, equitable, and in accordance with the law. However, the trial court did not abuse its discretion when it failed to contemplate whether or not to award spousal support. Finally, we cannot address whether the trial court properly denied Jeanne's Civ.R. 60(B) motion to vacate the original judgment as she did not file a timely notice of appeal from that judgment. Accordingly, the trial court's decision is reversed and the cause is remanded for the sole purpose of equitably dividing the couple's property between them.
Vukovich, P.J., concurs.
Waite, J., concurs.