{¶ 1} I agree with the majority's decision in all respects except one. The majority concludes that the trial court's December 27, 2001 judgment entry is a void judgment since the trial court did not have jurisdiction to enter that judgment. But we do not have the jurisdiction to address the propriety of the trial court's actions since the parties have not filed a notice of appeal from that judgment. Since that judgment is not in the record before this court, it is not subject to review in this appeal.
 {¶ 2} The majority concludes we can review the December 27 entry since we previously remanded the case back to a trial court. The majority notes that our jurisdiction was invoked by the notice of appeal from the July 17 entry, that we remanded the case so the trial court could rule on a motion to clarify its judgment, and that the trial court clearly stated that its December 27 entry was issued in response to that remand. The majority then states that an appeal from the December 27 entry is a mere continuation of the appeal from the July 17 entry. Accordingly, it concludes the parties did not need to file a notice of appeal from the December 27 entry. Simply stated, it is the majority's position that we invited any error the trial court may have made and that we should, therefore, address that error. This position is flawed.
 {¶ 3} We can only decide whether a trial court's judgment is correct when we have subject matter jurisdiction over that judgment. A notice of appeal as of right from a judgment must be filed with the clerk of the trial court within thirty days of the judgment or final order from which the appeal is taken. App.R. 3(A); App.R. 4(A). This requirement is jurisdictional and the lack of a timely notice of appeal from a judgment deprives this court of the authority to proceed to judgment. SerentityRecovery Homes, Inc. v. Somani (1998), 126 Ohio App.3d 494, 497; see, also, Donmofrio v. Amerisure Ins. Co. (1990), 67 Ohio App.3d 272, 276, citing Moldovan v. Guyahoga Cty. Welfare Dept. (1986), 25 Ohio St.3d 293;Didick v. Didick, 7th Dist. No. 01 APO 760, 2002-Ohio-5182. We have the obligation to examine whether we have subject matter jurisdiction over an issue since subject matter jurisdiction cannot be waived, cannot be conferred upon a court by agreement of the parties, may be raised for the first time on appeal, and may be the basis for sua sponte dismissal. Foxv. Eaton Corp. (1976), 48 Ohio St.2d 236, 238, overruled on other grounds by Manning v. Ohio State Library Bd. (1991), 62 Ohio St.3d 24, Civ.R. 12(H).
 {¶ 4} As we recently stated, an appeal is from a trial court's judgment. In re Beck, 7th Dist. No. 00 BA 52, 2002-Ohio-3460, ¶ 21. A new judgment necessitates a new appeal. Id. This is because anything filed in the trial court after the notice of appeal is not part of the record on appeal. The record on appeal consists of the original papers and exhibits filed in the trial court, the transcript of proceedings, if any, including exhibits, and a certified copy of the docket and journal entries. App.R. 9(A). The clerk must prepare and transmit that record to us within the time provided by App.R. 10(A), unless such time is extended. App.R. 10(B). The December 27 entry is not part of the record transmitted to us because it was filed after Appellant's notice of appeal. We are bound by the record and may not consider facts extraneous to it. Paulin v. Midland Mut. Life Ins. Co., (1974), 37 Ohio St.2d 109,112.
 {¶ 5} In this case, the trial court altered the rights and obligations of the parties when issuing its second judgment entry. In doing so, the trial court created an entirely new judgment. That new judgment is not a part of the record in the instant appeal. Accordingly, we must resolve the issues raised by the parties as if the second entry did not exist. We cannot address the propriety of the trial court's actions by issuing that new judgment.
 {¶ 6} This is virtually the identical jurisdictional situation we addressed in Didick. In that case, the appellant filed a Civ.R. 60(B) motion before the notice of appeal was filed, but the trial court did not rule on that motion until after the notice of appeal was filed and we remanded the case to the trial court for that purpose. The appellant did not file a notice of appeal from the trial court's decision denying the Civ.R. 60(B) motion, but tried to argue the trial court erred in denying the motion in it's appellate brief. We held that we did not have jurisdiction to address the alleged error in the trial court's judgment on remand. The majority should have concluded likewise here. Merely because we remanded the case to the trial court so it could rule on a pending motion does not mean we have the jurisdiction to correct any error the trial court may have committed on remand.
 {¶ 7} The majority places a great deal of emphasis on the fact that we remanded this case to the trial court and mentions that it did not rule on the motion within the time for the limited remand. But as the majority correctly notes at ¶ 10, the trial court retains all jurisdiction not inconsistent with our jurisdiction to reverse, modify, or affirm the judgment even though Appellant filed the notice of appeal.Yee v. Erie Cty. Sheriff's Dept. (1990), 51 Ohio St.3d 43, 44. For instance, a trial court may execute judgment in the absence of a stay of proceedings. Similarly, a trial court has the jurisdiction to clarify its judgment while an appeal is pending even in the absence of a limited remand. See Ferraro v. B.F. Goodrich Co., 149 Ohio App.3d 301,2002-Ohio-4398, ¶ 8-10. Accordingly, the trial court had jurisdiction to rule on the motion to clarify even without a limited remand. It is irrelevant that we remanded this case and it is equally irrelevant that the trial court ruled on the motion outside the time of limited remand. If the trial court had merely clarified its judgment, then we could consider the clarified order since the trial court did not change that order. But as both parties noted in their briefs, the trial court changed the order with regard to one of the boundaries between the parties. Because the change to the judgment creates a new judgment, we do not have jurisdiction to review the trial court's actions.
 {¶ 8} I can understand the majority's desire to address this issue now in order to save the parties the time and expense of litigating it in the future. But just because we wish to address an issue does not mean we have the jurisdiction to do so. The December 27 judgment is not in the record before this court because the parties have not appealed that judgment. Accordingly, I dissent from the portion of the majority's decision which addresses the propriety of that judgment.