This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant, Ohio Department of Job and Family Services ("ODJFS"), appeals the decision of the Medina County Court of Common Pleas, which affirmed the Magistrate's Decision to reverse ODJFS's dismissal of an administrative appeal brought by appellee, Joseph Grill, and remand the appeal back for ODJFS to decide on the merits. This Court reverses.
 I. {¶ 2} The procedural history surrounding this case began in early 1999, when the Medina County Department of Job and Family Services notified Mr. Grill that he had been financially overqualified to receive Food Stamp benefits due to his ownership of an RV that Mr. Grill did not disclose on his aid application. Medina County Department of Job and Family Services informed Mr. Grill that he had been overpaid for the benefits and he owed money to the county. Mr. Grill requested a state hearing regarding the county's finding and he received notice that the hearing would be held on March 18, 1999.
 {¶ 3} Mr. Grill's counsel requested a continuance and the hearing was rescheduled for April 12, 1999. Neither Mr. Grill, nor his counsel appeared for the hearing. The state hearing office mailed a notice to Mr. Grill, stating that he was to show good cause for his failure to appear and he must reschedule the hearing before April 30, 1999 to prevent dismissal of his case. The state hearing office never received a rescheduling request from Mr. Grill and, consequently, dismissed Mr. Grill's initial hearing request on the basis of abandonment on April 30, 1999.
 {¶ 4} Seventeen days later, on May 17, 1999, Mr. Grill's counsel mailed a written request to ODJFS for an administrative appeal of the state hearing dismissal.[1] Four days later, Mr. Grill's counsel mailed a supplemental letter, stating that he did not receive the dismissal notice until May 8, 1999. ODJFS allowed the administrative appeal and on June 9, 1999, ODJFS vacated the dismissal and remanded the matter for a finding of fact as to whether Mr. Grill and/or his representative received proper notice of the dismissal. On June 22, 1999, the state hearing examiner determined that the dismissal notice was properly mailed, that none of the notices sent to Mr. Grill were ever returned by the post office, and it denied Mr. Grill's request to appeal and reschedule the state hearing. Mr. Grill did not appeal this decision.
 {¶ 5} In October of 2000, the county again sent a collection notice of their Food Stamp overpayment to Mr. Grill. Again, Mr. Grill requested a state hearing on the county's collection attempt on December 22, 2000. On April 27, 2001, the state hearing office gave its decision, overruling Mr. Grill's challenge of the county's collection attempts against him as untimely. Mr. Grill again attempted to appeal the state hearing office's decision by sending a notice of appeal to ODJFS via certified mail. Mr. Grill received his notice back as returned mail from the post office on May 15, 2001. Mr. Grill claims that the notice was returned for lack of a bar code on the certified mail envelope. Mr. Grill remailed the notice of appeal on May 15, 2001, and ODJFS received the notice on May 17, 2001. On May 18, 2001, ODJFS issued an administrative appeal decision dismissing Mr. Grill's appeal request as untimely because it was not filed within the fifteen calendar day period required under Ohio Adm. Code 5101:6-8-01(C)(4).
 {¶ 6} Mr. Grill then appealed ODJFS's decision to the Medina County Court of Common Pleas on June 18, 2001. The case was referred to a magistrate and the parties submitted briefs. On February 19, 2002, counsel for Mr. Grill filed a motion to supplement the record and a brief referring to that supplemental information. ODJFS filed a memorandum contra to Mr. Grill's motion to supplement on March 5, 2002. On March 13, 2002, the magistrate allowed Mr. Grill's motion to supplement and, at the same hearing, issued his decision overruling ODJFS's dismissal of the administrative appeal and remanding the matter back to ODJFS. On March 27, 2002, ODJFS filed objections to the magistrate's decision. On April 23, 2002, a hearing was held and the trial court affirmed the magistrate's decision and adopted it in full in its judgment entry.
 {¶ 7} ODJFS timely appealed and sets forth three assignments of error for review. For ease of discussion, this Court will address ODJFS's first two assignments of error together.
 II. FIRST ASSIGNMENT OF ERROR {¶ 8} "THE LOWER COURT ERRED AS A MATTER OF LAW UNDER OHIO ADM. CODE 5101:6-8-01(C)(4) WHEN IT HELD THAT MR. GRILL'S APPEAL REQUEST WAS TIMELY, BECAUSE THE FILING OF AN APPEAL REQUEST UNDER THIS RULE IS JURISDICTIONAL IN NATURE AND FAILURE TO PROPERLY PERFECT AN APPEAL RESULTS IN DISMISSAL."
 SECOND ASSIGNMENT OF ERROR {¶ 9} "THE LOWER COURT ERRED AS A MATTER OF LAW WHEN IT HELD THAT MR. GRILL WAS UNCONSTITUTIONALLY DEPRIVED OF HIS RIGHT TO A FAIR HEARING, BECAUSE OHIO ADM. CODE 5101:6-8-01(C)(4) DOES NOT IMPOSE UNREASONABLE REQUIREMENTS AND THERE WAS NO DENIAL OF MR. GRILL'S DUE PROCESS RIGHTS."
 {¶ 10} In its first assignment of error, ODJFS argues that the trial court erred as a as a matter of law under Ohio Adm. Code5101:6-8-01(C)(4) when it held that Mr. Grill's appeal request was timely. ODJFS asserts that the trial court's ruling was error because the filing of an appeal request under Ohio Adm. Code 5101:6-8-01 is jurisdictional in nature and failure to properly perfect an appeal results in dismissal. In its second assignment of error, ODJFS argues that the lower court erred as a matter of law when it held that Mr. Grill was unconstitutionally deprived of his right to a fair hearing. ODJFS specifically asserts that Ohio Adm. Code 5101:6-8-01(C)(4) does not impose unreasonable requirements and there was no denial of Mr. Grill's due process rights. This Court agrees.
 {¶ 11} Appeals taken from an administrative agency's decision are governed by R.C. 119.12, which states that "[t]he court may affirm the order of the agency complained of in the appeal if it finds, upon consideration of the entire record * * * that the order is supported by reliable, probative, and substantial evidence and is in accordance with law." In Townsend v. Bd. of Bldg. Appeals (1976), 49 Ohio App.2d 402, this Court examined the notice of appeal provision in R.C. 119.12 and found:
 {¶ 12} "The right of appeal is not an inherent right but is one conferred by statute. The legislature may condition the exercise of this right as it sees fit. Where the legislature sets a mandatory time limitfor the exercise of the right, a failure to comply will render theappellate tribunal without jurisdiction to hear the appeal." (Citations omitted.) (Emphasis added.) Id. at 404.
 {¶ 13} Chapter 5101 of the Ohio Administrative Code governs the process by which a party brings an administrative appeal of a state hearing decision. Ohio Adm. Code 5101:6-8-01(C)(4) specifically states: "The request [for an administrative appeal] must be received by the office of legal services, ODHS, within fifteen calendar days from thedate the decision being appealed was issued." (Emphasis added.) Ohio Adm. Code 5101:6-8-01(E)(1) provides that "[a]n administrative appeal request may be dismissed because:
 {¶ 14} "* * *
 {¶ 15} "(C) It is not timely, as defined by paragraph (C)(4) of this rule."
 {¶ 16} When reviewing an administrative agency's decision regarding an appeal request, this Court has held that "[t]he common pleas court must give due deference to the administrative resolution of evidentiary conflicts and must not substitute its judgment for that of the administrative agency. `Moreover, the reviewing court must give deference to the agency's interpretation of its own regulations.'" (Citations omitted.) Sucic v. Ohio Dept. of Human Services (Mar. 22, 2000), 9th Dist. No. 2841-M.
 {¶ 17} "The standard of review for a court of appeals `is more limited in scope and requires that court to affirm the common pleas court, unless the court of appeals finds, as a matter of law, that the decision of the common pleas court is not supported by a preponderance of reliable, probative and substantial evidence. Abuse of discretion by the court of common pleas falls within the ambit of `questions of law' for appellate court review." Washington v. Civil Service Comm. of Akron, 9th Dist. No. 21171, 2002-Ohio-6990, at ¶ 12.
 {¶ 18} To constitute an abuse of discretion, the trial court's action must be arbitrary, unreasonable, or unconscionable. Stateex rel. The V. Cos. v. Marshall (1998), 81 Ohio St.3d 467, 469.
 {¶ 19} After reviewing the trial court's decision in this case, this Court finds that the trial court abused its discretion when it overruled ODJFS's dismissal of Mr. Grill's untimely administrative appeal and remanded the case back to ODJFS. The trial court's decision is not supported by a preponderance of reliable, probative and substantial evidence that the appeal was timely in order to vest ODJFS with jurisdiction to consider the appeal. This lack of evidence becomes particularly clear when considering Mr. Grill's claims in this case, as their analysis clearly reveal that the administrative appeal was untimely and properly dismissed by ODJFS, and the dismissal did not violate due process of law.
 {¶ 20} Mr. Grill argues that caselaw provides a presumption that his appeal was timely mailed, as ODJFS did receive the appeal, and ODJFS has failed to meet its burden of providing evidence to rebut that presumption. Mr. Grill specifically relies on the case of Gingo v. StateMedical Bd. (1989), 56 Ohio App.3d 111 to support his argument. In that case, the parties were appealing the trial court's failure to dismiss Dr. Gingo's appeal from the board's decision pursuant to R.C. 119.12, and the trial court's modification of the board's revocation of Dr. Gingo's medical license. This Court held the following:
 {¶ 21} "The notice of appeal required to be filed with a state agency in an appeal of an adjudication order pursuant to R.C. 119.12 is presumptively timely delivered when it is shown to have been mailed within sufficient time for it to have arrived at the agency before the fifteen-day time limit. In other words, it is presumed that once the notice of appeal timely enters the ordinary course of the mails, the notice will be timely delivered.
 {¶ 22} "The party contesting the timeliness of an R.C. 119.12
notice of appeal has the burden of proof of rebutting the presumptionresulting from the timely mailing of the notice." (Emphasis added.)Gingo, 56 Ohio App.3d at paragraph one and two of the syllabus.
 {¶ 23} Mr. Grill cites the Gingo decision to assert that the same presumption of timely delivery applies to his case. Mr. Grill's argument is flawed. The Gingo decision does not support Mr. Grill's argument because it is an undisputed fact that Mr. Grill's notice of appeal was not timely mailed in the present case. Mr. Grill stated in his brief that the notice of appeal was returned to him on May 15, 2001. The notice of appeal was due by May 14, 2001. Mr. Grill further stated that he re-mailed the notice to ODJFS on May 15, 2001, and the notice was received for the first time by ODJFS on May 17, 2001.
 {¶ 24} In Gingo, this Court quoted directly from the trial court's ruling as to how it determined Dr. Gingo's notice of appeal had been properly received:
 {¶ 25} "`Other courts have determined that where mail is properlyaddressed, stamped, and mailed, but is time-stamped as received after the date by which it should normally have been received in the ordinary course of mails, a form of constructive receipt arises and the documents mailed may be deemed timely filed. Charlson Realty Co. v. United States
([Court of Claims] 1967), 384 F.2d 434; Legille v. Dann ([C.A.D.C.] 1976), 544 F.2d 1.'" (Emphasis added.) Gingo at 116. In that case, this Court determined that Dr. Gingo's notice of appeal had been properly addressed, stamped, and mailed; subsequently, the notice had been timely mailed and constructively received by the state medical board.
 {¶ 26} However, such is not the case for Mr. Grill in the present case. It is clear to this Court that Mr. Grill's notice was not properly addressed, stamped or mailed because the post office returned it to him. Mr. Grill claims that the notice was returned to him because it did not have a bar code on the receipt on the envelope. This Court finds that Mr. Grill's notice was not properly mailed within the fifteen-day time-period allowed under Ohio Adm. Code 5101:6-8-01(C)(4) and whether the failure lies with the mail system or Mr. Grill does not negate that fact. Consequently, no presumption of timely mailing, let alone constructive receipt by ODJFS, attached to Mr. Grill's initial attempt to mail his notice of appeal. Only when Mr. Grill re-mailed the notice after the fifteen-day deadline had passed was it mailed properly and received by ODJFS, albeit late. ODJFS has no burden to rebut a timely mailing presumption as such does not apply for Mr. Grill in this case.
 {¶ 27} Mr. Grill also argues that the failure of his notice of appeal to be timely delivered to ODJFS rises to the level of a due process violation against Mr. Grill. This argument is also without merit. This Court has explained that "[t]he right to appeal a decision of an administrative agency's decision is conferred only by statute." Throwerv. Akron Dept. of Health Hous. Appeals Bd., 9th Dist. No. 21061,2002-Ohio-5943, at ¶ 17, citing Midwest Fireworks Mkg. Co. v.Deerfield Twp. Bd. of Zoning Appeals (2001), 91 Ohio St.3d 174, 177. As a result, an administrative appeal can be perfected only in the method prescribed by the statute. Id., citing Zier v. Bureau of Unemp. Comp.
(1949), 151 Ohio St. 123, paragraph one of the syllabus.
 {¶ 28} This Court has addressed the jurisdictional prerequisite necessary to consider an administrative appeal in Skrzypek v. WOIO TV19, 9th Dist. No. 3228-M, 2002-Ohio-3033, which involved an administrative appeal governed by R.C. 2505.04. The Skrzypek court stated:
 {¶ 29} "The filing of a notice of appeal with the administrative board under R.C. 2505.04 is essential to vesting the common pleas court with jurisdiction over the administrative appeal. If an administrative appeal is not so perfected, the common pleas court lacks jurisdiction, and the appeal must be dismissed." (Citations omitted.) Skrzypek at ¶ 12. Likewise, the filing of an administrative appeal governed by Ohio Adm. Code 5101:6-8-01 within the required fifteen-day period is essential to vesting ODJFS with jurisdiction over the appeal. If an administrative appeal is not so perfected, ODJFS lacks jurisdiction, and the appeal must be dismissed.
 {¶ 30} In the instant case, Mr. Grill had adequate notice of his right to appeal the state hearing decision and ample opportunity to do so. The facts reveal that Mr. Grill was familiar with the procedure for appealing under Ohio Adm. Code 5101:6-8-01, as this was his second round of contesting ODJFS's collection attempt against him. The state hearing decision Mr. Grill received clearly informed him that he must request an administrative appeal within fifteen calendar days from the date the decision was issued. The decision further informed Mr. Grill that he could either mail or fax an appeal request and provided ODJFS's address and fax number in its notice letter. With knowledge of his alternative methods for delivering his notice of appeal, Mr. Grill chose to mail his appeal request rather than fax it. Once Mr. Grill's appeal request was returned to him, and knowing that it was now past the fifteen-day period for filing, he still did not chose the alternative to fax the request to ODJFS. Rather, Mr. Grill's efforts to get his late request to ODJFS consisted of nothing more than him remailing his appeal request. Mr. Grill's failure to properly perfect his appeal left ODJFS with no jurisdiction to consider the appeal. Dismissing his appeal is not a due process violation as Mr. Grill himself failed to comply with the procedural requirements necessary under Ohio Adm. Code 5101:6-8-01(C)(4) to allow ODJFS to consider his appeal.
 {¶ 31} In consideration of the above analysis, this Court finds that the trial court did err when it held that the administrative appeal was timely and Mr. Grill was deprived of his due process rights as a result of the dismissal of his appeal. ODJFS's first and second assignments of error are sustained.
 THIRD ASSIGNMENT OF ERROR {¶ 32} "THE LOWER COURT ERRED AS A MATTER OF LAW AND/OR AN ABUSE OF DISCRETION WHEN IT ADMITTED IMPROPER ADDITIONAL EVIDENCE INTO THE RECORD."
 {¶ 33} In its third assignment of error, ODJFS presents an evidentiary challenge regarding the trial court's admission of supplemental materials by Mr. Grill. This Court's disposition of ODJFS's first and second assignments of error renders this assignment of error moot. See App.R. 12(A)(1)(c).
 III. {¶ 34} Accordingly, ODJFS's first and second assignments of error are sustained. The judgment of the trial court is reversed.
SLABY, P.J., WHITMORE, J. CONCURS.
[1] Under Ohio Adm. Code 5101:6-8-01(C)(4) an administrative appeal must be received in the office within fifteen calendar days from the date of the state hearing office's decision.