SAYLER, APPELLEE, *v.* OHIO STATE RACING COMMISSION, APPELLANT.

(No. C-810769—Decided June 9, 1982.)

*Messrs. Brandt & Hull* and *Mr. Michael T. Brandt,* for appellee.

*Mr. William J. Brown,* attorney general, and *Mr. William J. McDonald,* for appellant.

*Per Curiam.* This cause came on to be heard upon an appeal from the Court of Common Pleas of Hamilton County.

In November 1978 the appellee, James F. Sayler, was charged by the appellant, the Ohio State Racing Commission, with possession of certain controlled substances[1] which were discovered in the tack room of Beulah Park in Franklin County, Ohio. Proceedings on these charges were held before a hearing officer of the Ohio State Racing Commission who at the conclusion of the proceedings recommended suspension of the appellee's trainer's license for one year. The Ohio State Racing Commission adopted the hearing officer's recommendation by order dated May 17, 1979. The appellee appealed this order to the Hamilton County Court of Common Pleas which vacated the commission's order pursuant to R.C. 119.12[2] because of the commission's

---

[1] These substances allegedly included stimulants, hypodermic syringes, and hypodermic needles.

[2] R.C. 119.12 provides in pertinent part:

"Within thirty days after receipt of notice of appeal from an order in any case wherein a hearing is required by sections 119.01 to 119.13 of the Revised Code, the agency shall prepare and certify to the court a complete record of the proceedings in the case. Failure of the agency to comply within the time allowed shall, upon motion, cause the court to enter a finding in favor of the party adversely affected. Additional time, however, may be granted by the court, not to exceed thirty days, when it is shown that the agency has made substantial effort to comply."

failure to certify a complete record to the court of common pleas.[3]

The appellee's cause was returned to the Ohio State Racing Commission which again ordered a one-year suspension of the appellee's trainer's license. The appellee appealed this second order to the Hamilton County Court of Common Pleas which ruled that its judgment vacating the commission's first suspension order was res judicata to the issues raised in the appeal of the second order. The court then entered judgment vacating the commission's second suspension order. The instant appeal derives from that judgment.

In its singular assignment of error the Ohio State Racing Commission asserts that the lower court erred in ruling that its judgment vacating the first suspension order was res judicata to the substantive issues raised by the appeal of the second suspension order. The commission argues in support of this assignment that the doctrine of res judicata is inapplicable to the appellee's second appeal because the judgment entered by the court of common pleas in the appeal of the first suspension order was based upon technical rather than substantive grounds.

We agree.

The same question raised by this appeal was answered by the Ninth District Court of Appeals in *Bier* v. *Ohio Racing Commission* (Oct. 4, 1978), C.A. No. 8946, unreported. The only procedural difference between *Bier* and the instant cause is that in *Bier* the original suspension order was vacated due to the commission's failure to timely certify a record to the court of common pleas while in the instant cause the original order was vacated due to the commission's failure to certify a complete record. However, in both causes the judgments vacating the

original suspension orders were entered pursuant to R.C. 119.12. The court in *Bier* held that the doctrine of res judicata was inapplicable to the proceeding on the second suspension order because the judgment vacating the original suspension order "* * * was not a review of the merits of the action taken by the Ohio Racing Commission." We adopt this reasoning in disposing of the instant appeal.

The judgment vacating the first suspension of the appellee's trainer's license was predicated upon the commission's failure to certify a complete record to the court of common pleas as required by R.C. 119.12. This judgment, however, did not constitute a review on the merits of the appeal. Rather it was a vacation of the commission's order based upon technical or procedural grounds.

The Ohio Supreme Court defined what is meant by a determination of a cause on the merits in paragraph two of its syllabus in *Cero Realty Corp.* v. *American Manufacturers Mut. Ins. Co.* (1960), 171 Ohio St. 82 [12 O.O.2d 92]. That paragraph states:

"Where the word, 'merits,' is used in speaking of the determination of an action upon the merits, it embraces the consideration of substance, not of form; of legal rights, not of mere defects of procedure or practice or the technicalities thereof."

Given this definition and the procedural posture of the instant cause we hold, as did the court in *Bier, supra,* that the doctrine of res judicata is inapplicable to the appeal of the commission's second order suspending the appellee's trainer's license. For this reason the appellant's assignment of error is well-taken.

The judgment of the court of common

---

[3] The record herein does not contain a copy of the court of common pleas' judgment vacating this first suspension order, and thus we are unable to make an independent determination of the basis upon which the order was vacated. However, both parties to this appeal concede that the lower court vacated the commission's order because of the commission's failure to certify a complete record to the court of common pleas.

pleas is reversed and remanded for further proceedings according to law and not inconsistent with this decision.

*Judgment accordingly.*

SHANNON, P.J., BLACK and DOAN, JJ., concur.