YODER, APPELLANT, *v.*
OHIO STATE BOARD OF EDUCATION, APPELLEE.*

(No. 2323—Decided
March 30, 1988.)

*Stephen Walker,* for appellant.
*Anthony J. Celebrezze, Jr.,* attorney general, and *Lauren M. Ross,* for appellee.

MAHONEY, J. Appellant, Lester S. Yoder, appeals from the revocation of his special education teaching certificate by the Ohio State Board of Education ("board"). We affirm.

On May 13, 1985, the board passed a resolution of intent to consider the suspension and possible revocation of Yoder's teaching certificate. Thereupon, a hearing was held before a hearing officer on July 29, 1985.

At the hearing, the board pre-

---

* Reporter's Note: A motion to certify the record to the Supreme Court of Ohio was overruled in 38 Ohio St. 3d 709, 533 N.E. 2d 359.

sented evidence that Yoder had been convicted of sexual battery in the Wayne County Court of Common Pleas. However, Yoder contended that the board's proof was insufficient in that the board's resolution was passed before Yoder had been sentenced for his crime. Apparently seeing merit in this argument, the board withdrew its cause from the hearing officer. On September 9, 1985, after Yoder was sentenced, the board rescinded its earlier resolution and passed another resolution to consider the suspension and possible revocation of Yoder's teaching certificate.

On Fedruary 24, 1986, a hearing was held before the same hearing officer who had presided at Yoder's July 29, 1985 hearing. The board again presented evidence that Yoder had been convicted of sexual battery in the Wayne County Court of Common Pleas. Yoder's defense was that since the board withdrew its cause at the July 29, 1985 hearing, the prior hearing should be considered a hearing on the merits in his favor and have a *res judicata* effect at the February 24, 1986 hearing. On December 2, 1986, the hearing officer found that the former hearing did not have a *res judicata* effect on the latter hearing and recommended that Yoder's teaching certificate be revoked. On March 9, 1987, the board revoked Yoder's teaching certificate. Yoder appealed the revocation to the Wayne County Court of Common Pleas. The court of common pleas affirmed the decision of the board. This appeal followed.

### Assignments of Error

"I. Due process is denied a litigant when the trier of the cause refuses to rule on the litigant's motion for judgment on the merits after the opposing party had presented all its evidence and rested."

"IV. The principles of *res judi-cata* and/or double jeopardy precluded conducting the second hearing and bar enforcement of the result so obtained."

Since Yoder's first and fourth assignments of error are similar, we will treat them together.

Yoder's argument is based, in part, upon the proposition that the Civil Rules apply to adjudicatory proceedings before the State Board of Education. However, Civ. R. 1(A) states that the Civil Rules apply to courts of the state. Therefore, the Civil Rules are not binding upon the State Board of Education in an adjudicatory proceeding.

We have held that while *res judicata* applies to administrative adjudications, *res judicata* does not attach until there has been a determination on the merits. *Bier* v. *Ohio State Racing Comm.* (Oct. 4, 1978), Summit App. No. 8946, unreported. Accord *Sayler* v. *Ohio State Racing Comm.* (1982), 7 Ohio App. 3d 189, 7 OBR 236, 454 N.E. 2d 982. Since the hearing officer did not consider the merits of the revocation of Yoder's teaching certificate at the July 29, 1985 hearing, that hearing did not have a *res judicata* effect at the February 24, 1986 hearing. Furthermore, we find that the concept of double jeopardy has no applicability in the instant case.

Accordingly, Yoder's first and fourth assignments of error are overruled.

### Assignment of Error II

"Due process is denied a litigant when: (1) he is denied the opportunity to present his cause before a neutral tribunal; (2) the tribunal evaluates its own ability to be unbiased after a challenge is made by one of the litigants; and (3) there is disparity in the treatment of the parties."

Upon review of the record, we find that Yoder has shown no bias on the

part of the hearing officer. Moreover, Yoder has shown no prejudice caused by any such bias on the part of the hearing officer. The fact that Yoder had been convicted of a felony was uncontested at the hearing. The only salient determination that the hearing officer had to make was that the July 29, 1985 hearing did not have a *res judicata* effect on the February 24, 1986 hearing. That legal determination has been affirmed by the Wayne County Court of Common Pleas and now by this court.

Accordingly, Yoder's second assignment of error is overruled.

### Assignment of Error III

"The delays caused by the [State Board of Education] violated both due process and statutory time requirements."

Yoder first contends that the board did not comply with R.C. 119.07 which states that "[w]henever a party requests a hearing * * * [t]he date set for such hearing shall be within fifteen days * * *." However, the power of an agency to continue hearings pursuant to R.C. 119.09 makes R.C. 119.07 directory rather than mandatory. *In re Barnes* (1986), 31 Ohio App. 3d 201, 31 OBR 470, 510 N.E. 2d 392. Further, Yoder contends that he was prejudiced by the length of time between the original notice of possible revocation of his teaching certificate and the actual revocation of his teaching certificate. We note that during this period of time Yoder retained his teaching certificate. Further, Yoder has demonstrated no prejudice even if this length of time was unreasonable.

Accordingly, Yoder's third assignment of error is overruled, and the judgment of the trial court is affirmed.

*Judgment affirmed.*

BAIRD, P.J., and CACIOPPO, J., concur.