# JOHNSON'S ISLAND PROPERTY OWNERS' ASSOCIATION

v.

# OHIO DEPARTMENT OF NATURAL RESOURCES.

Court of Common Pleas of Ohio,
Civil Division, Franklin County.

No. 98CVF12–9744.

Decided Jan. 11, 2000.

*Nancy J. Miller* and *Stephen P. Samuels,* for plaintiff.

*Betty D. Montgomery,* Attorney General, and *John P. Bartley,* Assistant Attorney General, for defendant.

*Brooks & Wilburn Co., L.P.A., Paula L. Brooks* and *Melissa L. Wilburn,* for Baycliffs Corporation.

ALAN C. TRAVIS, Judge.

## PROCEDURAL HISTORY

This is an appeal pursuant to R.C. 119.12 from an order of the Director of the Ohio Department of Natural Resources ("ODNR"), dated December 4, 1998, in which the Director denied a motion by appellant, Johnson's Island Property Owners' Association ("JIPOA"), to intervene in a case involving a lease of submerged lands. The submerged lands are adjacent to Johnson's Island, which, in turn, is located in Lake Erie. The submerged lands were leased on December 14, 1976, to a corporation known as Johnson's Island, Inc. Later, the lease was assigned to Baycliffs Corporation.

Baycliffs sought to modify the lease and to be relieved of the contractual responsibility to restore the leased premises to its approximate original condition. Baycliffs's request was denied by ODNR by order of January 16, 1998. On February 17, 1998, ODNR withdrew the first order for what ODNR termed "procedurally deficient" notice of the opportunity for a hearing.

On March 17, 1998, Baycliffs requested a hearing, which was scheduled for October 16, 1998. On September 17, 1998, appellant, JIPOA, filed a motion to intervene in the hearing. On November 10, 1998, the hearing officer for ODNR issued a report recommending that the motion to intervene be denied. JIPOA's objections to that report were overruled by the Director of ODNR on December 4, 1998, and this appeal followed.

## DISCUSSION

Appellant JIPOA argues that intervention is mandated by *Genoa Banking Co. v. Mills* (1981), 67 Ohio St.2d 106, 21 O.O.3d 67, 423 N.E.2d 161.

*Genoa Banking* simply observes that under R.C. 119.12, a party who is "adversely affected" by an order of an administrative agency may appeal to the court of common pleas. *Genoa Banking* does not stand for the proposition that intervention in an administrative hearing is authorized by R.C. 119.12, an appellate statute.

■ Appellant cites Civ.R. 24 as authority for intervention. However, the Ohio Rules of Civil Procedure are not binding in proceedings before administrative agencies. *Yoder v. Ohio State Bd. of Edn.* (1988), 40 Ohio App.3d 111, 531 N.E.2d 769. See, also, *Vaughn v. State Med. Bd.* (Aug. 6, 1991), Franklin App. No. 90AP–1160, unreported, 1991 WL 150950 (State Medical Board); *Reminderville v. Schregardus* (Dec. 8, 1998), Franklin App. No. 98AP–246, unreported, 1998 WL 869619 (Environmental Review Appeals Commission); *Signers of Petition for Removal of Mack v. Mack* (1979), 66 Ohio App.2d 79, 20 O.O.3d 142, 419 N.E.2d 1108; *Townsend v. Bd. of Bldg. Appeals* (1976), 49 Ohio App.2d 402, 3 O.O.3d 461, 361 N.E.2d 271; *Bohacek v. Ohio Bur. of Emp. Serv.* (1983), 9 Ohio App.3d 59, 9 OBR 78, 458 N.E.2d 408.

Appellant argues that due process guarantees require that it be allowed to intervene in the administrative proceedings involving Baycliffs. While due process may require that intervention be allowed in an appropriate case, this case does not fit that requirement.

■ Due process is required where state action affects an interest. *Mathews v. Eldridge* (1976), 424 U.S. 319, 96 S.Ct. 893, 47 L.Ed.2d 18. Appellant's due process/intervention argument is flawed because the proposed action by ODNR will not adversely affect JIPOA's interests. ODNR proposed to maintain the status quo by refusing Baycliffs's request to modify the terms of the underwater lease. JIPOA concedes that the decision to maintain the status quo will not harm any interest of JIPOA. Therefore, JIPOA's due process argument in support of intervention fails.[1]

## CONCLUSION

Appellant has not demonstrated a right to intervene in the proceedings before the administrative agency. Denial of intervention is affirmed and this appeal is dismissed at appellant's costs.

So ordered.

*Judgment accordingly.*

---

1. ODNR points out that only if the decision to deny Baycliffs's request to modify the lease were changed would JIPOA have an arguable due process claim. In the event that its interests are threatened, JIPOA can raise the issue of intervention anew. At this juncture, however, the due process issue is not ripe.