JOURNAL ENTRY AND OPINION
This is an appeal from an order of Judge William J. Coyne that affirmed an administrative ruling of the Ohio Department of Transportation (ODOT) that denied appellant Eller Media Company's (Eller's) applications for billboard permits. It claims ODOT exceeded its authority in issuing Cleveland Outdoor Advertising Company (Cleveland Outdoor) conditional outdoor advertising permits for a sign within 500 feet of the proposed Eller site. We affirm.
On June 27, 1997, Cleveland Outdoor applied to ODOT for permits[1] to construct a two-faced billboard adjacent to the Valleyview Bridge on Interstate 480 in Cuyahoga County. On July 25, 1997, Eller applied for permits to construct a similar billboard in a nearby area. On August 5, 1997, Cleveland Outdoor's permits were approved, and Eller's application was then disapproved because its location was within 500 feet of the location approved for Cleveland Outdoor's sign.[2] ODOT's notice of approval to Cleveland Outdoor's application, however, indicated that the permits were conditional and could be canceled if the company failed to erect its sign within one year of the permits' grant.
On August 21, 1998, after its permits had expired, Cleveland Outdoor applied, under R.C. 5516.10(F),[3] for a one-year extension of the building deadline, which ODOT granted retroactive to July 31, 1998, making it effective until July 31, 1999. Cleveland Outdoor again failed to construct a billboard at the approved location and, on July 28, 1999, submitted new applications with an attached cover letter that stated, in part:
 Cleveland Outdoor Advertising will not be able to complete erection of the approved billboards and have already extended the permit for an additional one year term. Cleveland Outdoor was informed by ODOT officials that the best procedure would be to cancel the approve[d] permits and submit a new permit application at the same time. Therefore, Cleveland Outdoor wishes to cancel the above permits and reapply for the same location immediately.
On August 3, 1999, ODOT informed Cleveland Outdoor that its permits were canceled. Meanwhile, on August 2, 1999, Eller again applied for permits to build its sign at the previously disapproved location. ODOT again approved Cleveland Outdoor's application and issued two new permits for construction of its sign, and again disapproved Eller's application because its location was too close to that of Cleveland Outdoor's. Eller then requested, under R.C. 119.06 and 5516.12, an adjudication hearing concerning the disapproval of its application, arguing that Cleveland Outdoor should no longer have preference because of its failure to erect a billboard within two years. Eller further argued that R.C. 5516.10(F) allowed only a single one-year extension, and that Cleveland Outdoor's cancellation and re-application thwarted those provisions. ODOT did not dispute the claim that R.C. 5516.10(F) allows only a single one-year extension, but argued that nothing prevented Cleveland Outdoor from canceling its permits and re-applying for new permits immediately.
Although the administrative claim raised issues about the validity of Cleveland Outdoor's permits, Eller did not request that Cleveland Outdoor be made a party, that it be notified of the proceedings, that its permits be stayed or that it be enjoined from constructing its billboard, and ODOT took no action to do so on its own. Without knowledge of the pending administrative proceeding, Cleveland Outdoor erected a 225 foot high billboard at its approved location and, on March 9, 2000, notified ODOT that the structure was completed.[4]
On May 17, 2000, Hearing Examiner Keith S. Mesirow submitted a report and recommendation in Eller's favor, finding that Cleveland Outdoor was allowed to extend its permits only once, and that it was not allowed to avoid the single-extension policy by requesting cancellation and the issuance of new permits for the same location. ODOT requested and was granted a further evidentiary hearing, however, because the hearing examiner had not been notified that Cleveland Outdoor had completed construction of its billboard. At the hearing ODOT presented evidence that the billboard had been erected at a construction cost of approximately $306,000.00, and argued that promissory estoppel prevented it from taking any action to disapprove Cleveland Outdoor's existing billboard and, therefore, Eller's application could not be approved even if Cleveland Outdoor's permit was erroneously granted.
On January 29, 2001, the hearing examiner issued a second report and recommendation in Eller's favor, finding that Cleveland Outdoor was not a party to the proceeding and could not assert estoppel, and that ODOT could not defend its actions by applying the doctrine of promissory estoppel to itself. Moreover, the hearing examiner found that Cleveland Outdoor could not have justifiably relied on the approval of its new application because the approval violated the legislative scheme that allowed for only a single one-year extension of the conditional permit.
ODOT filed objections to the hearing examiner's findings under R.C.119.09, and asserted that Eller was not allowed to challenge the validity of Cleveland Outdoor's permits because Cleveland Outdoor was not a party to the proceeding and, therefore, Eller's challenge to the denial of its own application was limited to whether its location was within five hundred feet of Cleveland Outdoor's concededly valid location.
ODOT Director Gordon Proctor issued a final administrative adjudication that reversed the hearing examiner's findings. He ruled that the hearing examiner had no authority to question the validity of Cleveland Outdoor's permits because it was not a party to the proceeding, and that Eller's challenge was limited to whether its proposed location violated the spacing restrictions of Ohio Adm. Code 5501:2-2-02(A)(3)(a)(i).
Eller appealed to the court of common pleas under R.C. 119.12 and, for the first time, ODOT raised the alternative argument that, because R.C.5516.10(F) allowed for two one-year extension periods, Cleveland Outdoor complied with the spirit of the statute, if not its letter, when it completed construction of its billboard within the three-year period contemplated by that statute. ODOT also sought affirmance based on the grounds stated in the Director's ruling and the judge affirmed the Director's ruling without specifying the basis of his decision.
We address Eller's two assignments of error together:
 I. The Ohio Department of Transportation Exceeded its Statutory Authority in Issuing Cleveland Outdoor Advertising Company Two Conditional Outdoor Advertising Device Permits on August 12, 1999.
 II. The Ohio Department of Transportation's Denial of Appellant Eller Media's Application for Conditional Outdoor Advertising Permits Based upon the Previous Improper Issuance of Two Conditional Outdoor Advertising Device Permits to Cleveland Outdoor Advertising Company Is Improper and Unsupported by its Statutory Authority.
A common pleas judge reviews an administrative order to determine whether it is supported by reliable, probative, and substantial evidence and is in accordance with law.[5] We review the judge's affirmance on factual questions for abuse of discretion,[6] while we review legal questions de novo.[7] The factual background is not disputed, and our review is solely to determine whether the administrative order is legally sound.
Eller has argued throughout that R.C. 5516.10(F) allows only a single extension of a conditional permit when a billboard has not been erected, and that ODOT had no authority to allow Cleveland Outdoor to continue its permit beyond the single extension allowed, regardless of how the extension was accomplished. We need not decide this issue, however, because adjudication of Eller's application necessarily required an adjudication of Cleveland Outdoor's rights as well, and it failed to take any steps to make Cleveland Outdoor a party to the proceeding or to obtain a stay of Cleveland Outdoor's conditional permit pending resolution of its claim.
Although ODOT has no regulations concerning the joinder of parties and the Civil Rules are not binding in administrative actions,[8] an agency has implied power to act where necessary to effect powers expressly granted by statute.[9] Moreover, due process can sometimes require agencies to allow intervention or joinder where a proceeding affects other persons' rights.[10] Therefore, ODOT would have authority to join indispensable parties in its proceedings because it has express power to decide competing applications.
R.C. 5516.03 gives ODOT the express authority to regulate spacing of highway billboards, R.C. 5516.10 confers authority to to issue and cancel conditional permits, and R.C. 5516.12 gives authority to cancel existing permits and order the removal of signs. These statutes create the possibility that applicants can have competing claims,[11] which ODOT contemplated and sought to resolve by adopting the first come-first serve procedure in Ohio Adm. Code 5501:2-2-05(A)(2). That same provision, however, contemplates that an applicant may lose preference, and this case makes apparent that competing applicants may raise issues concerning entitlement to a preference. Therefore, ODOT has authority to engage more than one party in an administrative proceeding where necessary to resolve competing claims.
Regardless of whether an adjudicatory proceeding is administrative or judicial, a party must take responsibility for his own litigation.[12]
Eller cannot complain that ODOT failed to take action on its own motion to make Cleveland Outdoor a party or stay its permit; it was Eller's duty to take action to include Cleveland Outdoor, not ODOT's. Eller's request for an adjudicatory proceeding expressly stated that it was challenging the validity of Cleveland Outdoor's permits, and thus it has no reason to claim that it was unaware that Cleveland Outdoor's rights would be affected by its proceeding. Eller should have requested that Cleveland Outdoor be included, instead of expecting ODOT to do so on its own motion.
Because Eller failed to seek joinder of Cleveland Outdoor or request a stay of its permit, the director properly ruled that the adjudicatory proceeding could not challenge the validity of that permit, and the judge correctly ruled that the administrative order was lawful. The assignments of error are overruled.
Judgment affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
This court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
ANN DYKE, J., AND TERRENCE O'DONNELL, J., CONCUR.
[1] A single billboard with signs facing both directions requires two permits. Ohio Adm. Code 5501:2-2-05(A)(3).
[2] Ohio Adm. Code 5501:2-2-02(A)(3)(a)(i).
[3] R.C. 5516.10(E) was amended, effective June 29, 2001, to increase the permit period to two years, but that amendment does not apply here.
[4] See Ohio Adm. Code 5501:2-2-05(G)(2).
[5] R.C. 119.12.
[6] Bd. of Edn. of the Rossford Exempted Village School Dist. v. State Bd. of Edn., 63 Ohio St.3d 705, 707, 1992-Ohio-WBCITE,590 N.E.2d 1240.
[7] Ohio Historical Soc. v. State Emp. Relations Bd., 66 Ohio St.3d 466,471, 1993-Ohio-182, 613 N.E.2d 591; Collyer v. Ohio Dept. of Mental Retardation Developmental Disabilities (Sept. 16, 1997), Franklin App. No. 97APE01-32.
[8] Yoder v. Ohio State Bd. of Edn. (1988), 40 Ohio App.3d 111,112, 531 N.E.2d 769.
[9] Browning-Ferris Industries of Ohio, Inc. v. Mahoning Cty. Bd. of Health (1990), 69 Ohio App.3d 96, 100, 590 N.E.2d 61.
[10] Johnson's Island Property Owners' Assn. v. Ohio Dept. of Natural Resources (2000), 103 Ohio Misc.2d 52, 54, 725 N.E.2d 374.
[11] See, also, R.C. 119.13, which allows parties or affected person[s] to be represented by counsel in administrative proceedings.
[12] Gallagher v. Cleveland Browns Football Co., 74 Ohio St.3d 427,436, 1996-Ohio-320, 659 N.E.2d 1232; Jones v. Huntington Local School Dist., Ross App. No. 00CA2548, 2001-Ohio-2359.