THE STATE EX REL. SIZEMORE, APPELLANT, *v.* OHIO VETERINARY MEDICAL LICENSING BOARD, APPELLEE.

[Cite as *State ex rel. Sizemore v. Ohio Veterinary Med. Licensing Bd.,* 132 Ohio St.3d 296, 2012-Ohio-2725.]

*Mandamus—Extraordinary relief not available when object sought has been achieved by other means—Relator had adequate remedy in form of motion for contempt against agency for alleged violation of court mandate.*

(No. 2012-0176—Submitted June 6, 2012—Decided June 21, 2012.)

APPEAL from the Court of Appeals for Franklin County,

No. 11AP-298, 2012-Ohio-63.

_____

**Per Curiam.**

{¶ 1} We affirm the judgment of the court of appeals denying the request by appellant, Terrie Sizemore, D.V.M., a veterinarian, for a writ of mandamus to compel appellee, the Ohio Veterinary Medical Licensing Board, to reissue a March 2, 2007 adjudication order finding her guilty of misconduct and imposing fines. Sizemore contends that the original order was not in compliance with R.C. 119.09, preventing her from pursuing an appeal.

{¶ 2} Sizemore is not entitled to the requested extraordinary relief, because the objective of her administrative appeal—to reverse the board's finding of misconduct and imposition of fines—has been achieved with the board's dismissal of the charges against her. *See State ex rel. Sawyer v. Cendroski*, 118 Ohio St.3d 50, 2008-Ohio-1771, 885 N.E.2d 938, ¶ 8 (mandamus claim is moot when its objective has been obtained).

{¶ 3} Nor did the board have any duty to reissue its prior adjudication order finding Sizemore guilty of misconduct. Instead, as the court of appeals

properly held, the board has "the inherent power to dismiss charges against an individual who has had claims of misconduct levied against her or him." *State ex rel. Sizemore v. Ohio Veterinary Med. Bd.,* 10th Dist. No. 11AP-298, 2012-Ohio-63, at ¶ 13. The remand orders of the court of appeals and the common pleas court did not prevent the board from dismissing the charges. *See State ex rel. Jelinek v. Schneider*, 127 Ohio St.3d 332, 2010-Ohio-5986, 939 N.E.2d 847, ¶ 14 (court that issued mandate is in the best position to interpret it).

**{¶ 4}** Finally, in the absence of a patent and unambiguous lack of jurisdiction, Sizemore has an adequate remedy by way of a motion for contempt to raise her claim that the board violated the court of appeals' mandate to reissue its adjudication order. *See Dzina v. Celebrezze*, 108 Ohio St.3d 385, 2006-Ohio-1195, 843 N.E.2d 1202, ¶ 14 ("the use of extraordinary relief to enforce a judgment is not widespread, because of the availability of other means of enforcement, e.g., motion for contempt").

Judgment affirmed.

O'CONNOR, C.J., and PFEIFER, LUNDBERG STRATTON, O'DONNELL, LANZINGER, CUPP, and MCGEE BROWN, JJ., concur.

_____

Terrie Sizemore, pro se.

Michael DeWine, Attorney General, and Walter J. McNamara, Assistant Attorney General, for appellee.

_____