[Cite as *Wightman v. Ohio Real Estate Comm.*, 2017-Ohio-756.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Kenneth A. Wightman, | : | |
| Appellant-Appellant, | : | |
| v. | : | No. 16AP-466 |
| | | (C.P.C. No. 15CVF 10548) |
| Ohio Real Estate Commission, | : | |
| Ohio Department of Commerce, Division | | (REGULAR CALENDAR) |
| of Real Estate & Professional Licensing, | : | |
| Appellees-Appellees. | : | |

D E C I S I O N

Rendered on March 2, 2017

**On brief:** *Kevin E. Humphreys*, for appellant. **Argued:** *Kevin E. Humphreys.*

**On brief:** *Michael DeWine*, Attorney General, *Keith O'Korn* and *Zachary C. Schaengold*, for appellees. **Argued:** *Zachary C. Schaengold.*

APPEAL from the Franklin County Court of Common Pleas

TYACK, P.J.

{¶ 1} Kenneth A. Wightman is appealing from an adjudication order entered by the Ohio Real Estate Commission on November 12, 2015. For the following reasons, we affirm the judgment of the Franklin County Court of Common Pleas. Wightman assigns four errors for our consideration:

> I. THE TRIAL COURT ERRED WHEN IT AFFIRMED THE NOVEMBER 10, 2015 ADJUDICATION ORDER, BECAUSE THE COMMISSION WAS WITHOUT JURISDICTION TO PROCEED WITH THE ADMINISTRATIVE PROCEEDING DUE TO THE PRIOR WITHDRAWAL OF THE NOTICE OF HEARING.

II. THE TRIAL COURT ERRED IN ITS DETERMINATIONS THAT WIGHTMAN'S SUBSTANTIVE AND PROCEDURAL DUE PROCESS WERE NOT VIOLATED IN THE ADMINISTRATIVE PROCEEDINGS.

III. THE TRIAL COURT ERRED IN CONCLUDING THAT THE COMMISSION DID NOT VIOLATE THE PROVISIONS OF OHIO'S OPEN MEETINGS ACT, R.C. 121.22.

IV. THE TRIAL COURT ERRED IN CONCLUDING THAT THE OHIO REAL ESTATE COMMISSION'S NOVEMBER 10, 2015, ADJUDICATION ORDER WAS SUPPORTED BY RELIABLE, PROBATIVE AND SUBSTANTIAL EVIDENCE; AS THERE WAS NO EVIDENCE OF A DEFECT IN THE PHYSICAL CONDITION OF THE PROPERTY THAT WOULD SUPPORT A VIOLATION OF R.C. 4735.18, PREDICATED UPON R.C. 4735.67(A).

## I. Facts and Case History

{¶ 2} Kenneth Wightman, a licensed real estate sales person, was involved in the sale of a condominium to Rachel Boggs. Wightman was the agent for the seller. After the sale closed, Wightman gave Boggs a note from the seller telling her how to avoid clogs in the plumbing system and warning her of telltale signs that a clog might be developing.

{¶ 3} Boggs felt that she should have been warned of the potential for clogs before the closing and filed a complaint with the Ohio Real Estate Commission ("Commission"), through the Ohio Division of Real Estate and Professional Licensing ("Division"). Eventually a hearing on the complaint was conducted and Wightman was found to have failed to reveal information about potential clogs. An adjudication order was entered requiring him to pursue six hours of continuing education in real estate matters.

{¶ 4} Apparently several of the drainage pipes for the condominium are connected, including the upstairs bathtub, upstairs toilet, upstairs sink, and the clothes washer. The sellers had had plumbers out to the condominium on a number of occasions but the plumbers had not been able to recreate the problem of the clogs and therefore had not been able to fix it.

{¶ 5} At some point in time, the seller had figured out a way to ameliorate the problem, mainly by using a heavy duty plunger on the upstairs toilet when warning signs

of a back-up or a clog showed up. The sellers felt it was important for them to inform Boggs of the situation and wrote a note and sent an email to Wightman weeks before closing. Wightman did not convey the information and the contents of the note until after Boggs had signed the paperwork for the sale and basically finalized the sale on April 5, 2013. When Boggs received the information, she was not pleased and was particularly displeased with the timing of Wightman's revelation of the problem.

{¶ 6} Based upon the above facts, a hearing examiner for the Commission found that Wightman should have revealed the problem before the closing. The full Commission adopted the hearing examiner's conclusions. A common pleas judge affirmed the Commission's order based upon a finding that Wightman should have shared the information his sellers wanted to share with Boggs and which Boggs understandingly wanted to know before closing on the sale.

## II. Standard of Review

{¶ 7} Pursuant to R.C. 119.12, when a common pleas court reviews an order of an administrative agency, it must consider the entire record to determine whether the agency's order is supported by reliable, probative, and substantial evidence and is in accordance with law. *Univ. of Cincinnati v. Conrad*, 63 Ohio St.2d 108, 110-11 (1980); *Andrews v. Bd. of Liquor Control*, 164 Ohio St. 275, 280 (1955). "Reliable" evidence is dependable; that is, it can be confidently trusted. In order to be reliable, there must be a reasonable probability that the evidence is true. "Probative" evidence is evidence that tends to prove the issue in question; it must be relevant in determining the issue. "Substantial" evidence is evidence with some weight; it must have importance and value. *Our Place v. Ohio Liquor Control Comm.*, 63 Ohio St.3d 570, 571 (1992).

{¶ 8} The common pleas court's "review of the administrative record is neither a trial *de novo* nor an appeal on questions of law only, but a hybrid review in which the court 'must appraise all the evidence as to the credibility of the witnesses, the probative character of the evidence, and the weight thereof.' " *Lies v. Ohio Veterinary Med. Bd.*, 2 Ohio App.3d 204, 207 (1st Dist.1981), quoting *Andrews* at 280. In its review, the common pleas court must give due deference to the administrative agency's resolution of evidentiary conflicts, but the findings of the agency are not conclusive. *Conrad* at 111.

{¶ 9} In reviewing an order of an administrative agency, an appellate court's role is more limited than that of a common pleas court reviewing the same order. It is incumbent on the common pleas court to examine the evidence. Such is not the charge of the appellate court. The appellate court is to determine only if the common pleas court has abused its discretion. *Lorain City School Dist. Bd. of Edn. v. State Emp. Relations Bd.*, 40 Ohio St.3d 257, 261 (1988). As to questions of law, "this court must make its own independent determination of the law to be applied to the facts found by the agency and held by the common pleas court to be supported by reliable, probative and substantial evidence." *Franklin Cty. Bd. of Commrs. v. State Emp. Relations Bd.*, 92 Ohio App.3d 585, 588 (10th Dist.1993).

### III. The Order is Supported by Reliable, Probative, and Substantial Evidence

{¶ 10} The fourth assignment of error argues that the Commission's adjudication order was not supported by reliable, probative, and substantial evidence; as there was no evidence of a defect in the property that would support a violation.

{¶ 11} We cannot find that the trial court erred as to the basic findings that Wightman should have shared the information provided to him by his sellers. His failure to do so violated R.C. 4735.67(A), which reads:

> A licensee shall disclose to any purchaser all material facts of which the licensee has actual knowledge pertaining to the physical condition of the property that the purchaser would not discover by a reasonably diligent inspection, including material defects in the property, environmental contamination, and information that any statute or rule requires be disclosed. For purposes of this division, actual knowledge of such material facts shall be inferred to the licensee if the licensee acts with reckless disregard for the truth.

The trial court found that the condominium's plumbing issues described in the note constituted material facts. The note stated:

> We had occasional problems with the drain in the second bathroom. We had plumbers out a number of times. They could find nothing to explain why the drains had stopped up. They would snake the drains and that would free them up but the snake was always clean. The developers stepped in once, even worked on the drain pipe in the condo below but

that still didn't fix the problem. But we figured out a work around to possibly keep the plumbers away.

If, when draining the bath tub or sink, and you hear and see the toilet start to gurgle/bubble then immediately stop draining the tub or sink. (The second bathroom drains and utility closet drain are all connected so it could back up to the utility closet drain. I believe the clothes washer is in the mix too.) We kept a heavy duty plunger in the second bathroom. Take the plunger and plunge the toilet until it flushes smoothly. The tub or sink should then drain fine (but to be safe keep an eye on the utility closet drain while the tub or sink drains). Thought we better tell you about this situation before you call a plumber or have a big mess to clean.

(Note to the New Buyers, Compl., Ex. A.) The note here speaks for itself as well as Wightman's actions of waiting a few minutes after closing to deliver the note. The trial court did not abuse its discretion in finding that the adjudication order was supported by reliable, probative, and substantial evidence.

{¶ 12} The fourth assignment of error is overruled.

## IV. The Commission had Jurisdiction

{¶ 13} Turning to the other three assignments of error, Wightman's first assignment of error argues that the Commission was without jurisdiction due to a prior withdrawal of the notice of the administrative hearing. The argument submits that R.C. 4735.051 did not allow the matter to be reinstated once the notice of the hearing had been withdrawn.

{¶ 14} On March 17, 2015, Wightman was informed that, upon further review of the matter, the charges in the case were being withdrawn and the case would be returned to legal for additional review and follow-up. (Mar. 17, 2015 Notice of Withdraw of Charges.) On June 11, 2015, Wightman was issued a second Notification of Formal Hearing, notifying him that a hearing was now scheduled for August 10, 2015. (June 11, 2015 Notification of Formal Hearing.)

{¶ 15} R.C. 4735.32 requires that the Commission commence any investigation within three years from the date on which an alleged violation of the Revised Code occurred. R.C. 4735.332(A)(1). An agency which serves as an adjudicating authority has " 'the inherent power to dismiss charges against an individual who has had claims of

misconduct levied against her or him.' " *State ex rel. Sizemore v. Ohio Veterinary Med. Licensing Bd.*, 132 Ohio St.3d 296, 2012-Ohio-2725, quoting *State ex rel. Sizemore v. Ohio Veterinary Med. Licensing Bd.*, 10th Dist. No. 11AP-298, 2012-Ohio-63. An adjudication must be on the merits before res judicata applies. *La Barbera v. Batsch*, 10 Ohio St.2d 106, 109 (1967). Res judicata does not attach in an administrative adjudication until there has been a determination on the merits. *Yoder v. Ohio State Bd. of Edn.*, 40 Ohio App.3d 111 (9th Dist.1988)(the State Board of Education withdrew its cause from their hearing officer and rescinded its earlier resolution and passed another resolution to consider the revocation of Yoder's teaching certificate).

{¶ 16} We find no fault in the Commission or the division refiling charges after further investigation. The Commission retained jurisdiction and its statutory authority to file charges because the investigation was ongoing and the Commission commenced the investigation within three years of the date of the alleged violation.

{¶ 17} The first assignment of error is overruled.

## V. Due Process was Not Violated

{¶ 18} The second assignment of error argues that Wightman's property interest in his license is afforded constitutional due process protections which were violated.

{¶ 19} First, Wightman does not have a right to his real estate license. *Richard T. Kiko Agency, Inc. v. Ohio Dept. of Commerce, Div. of Real Estate*, 48 Ohio St.3d 74, 76 (1990)(The state has a valid interest in promoting the character, honesty, and intellectual competence of real estate brokers, and the right to engage in the real estate business is in the nature of a privilege granted by the state).

{¶ 20} " 'An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.' " *Althof v. Ohio State Bd. of Psychology*, 10th Dist. No. 05AP-1169, 2007-Ohio-1010, ¶ 19, quoting *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950).

{¶ 21} "Due process requires that an individual in an administrative proceeding is entitled to a fair hearing before an impartial tribunal." *Serednesky v. Ohio State Bd. of Psychology*, 10th Dist. No. 05AP-633, 2006-Ohio-3146, ¶ 21, citing *In re Murchison*, 349

U.S. 133, 136 (1955). "It is well-settled that a reviewing court must presume that the decision of an administrative agency is valid and was reached in a sound manner." *State of W. Va. v. Ohio Waste Facility Approval Bd.*, 28 Ohio St.3d 83, 86 (1986). "This presumption imposes upon an appellant the burden of proving his or her contention that a hearing examiner in a cause was biased, partial or prejudiced to such a degree that the hearing examiner's presence adversely affected the board's decision." *Althof* at ¶ 35.

{¶ 22} We find no violation of due process because Wightman fully knew what the issue was and what he was accused of not doing. He had a full evidentiary hearing to develop the facts. No issue of due process is breached by the issues before us.

{¶ 23} The second assignment of error is overruled.

## VI. Ohio's Sunshine Law was Not Violated

{¶ 24} The third assignment of error argues that the Commission violated Ohio's "Sunshine Law," R.C. 121.22 which requires that public officials, when meeting to consider official business, conduct those meetings in public.

{¶ 25} R.C. 121.22 reads: "This section shall be liberally construed to require public officials to take official action and to conduct all deliberations upon official business only in open meetings unless the subject matter is specifically excepted by law." R.C. 121.22(A). The term "meeting" in the "Sunshine Law" has a different meaning then the term "hearing." "Therefore, even though a public body must open all its meetings to the public, there is a category of gatherings, called 'hearings,' which do not have to be public." *TBC Westlake v. Hamilton Cty. Bd. of Revision*, 81 Ohio St.3d 58, 61 (1998), quoting *In re Petition for Annexation of 162.631 Acres*, 52 Ohio App.3d 8 (10th Dist.1988). When administrative agencies are discharging their adjudication duties, conducting hearings in the nature of a legal proceeding, providing notice and an opportunity to introduce testimony through witnesses, with the opportunity to appeal to courts, then these bodies are quasi-judicial. *See id.* Therefore "the Sunshine Law does not apply to adjudications of disputes in quasi-judicial proceedings." *Id.* at 62

{¶ 26} We find no violation of R.C. 121.22. State professional licensing boards are considered quasi-judicial and can conduct their deliberations without violating R.C. 121.22. *See TBC Westlake* and *State ex rel. Ross v. Crawford Cty. Bd. of Elections*, 125 Ohio St.3d 438, 2010-Ohio-2167.

{¶ 27} The third assignment of error is overruled.

{¶ 28} All four assignments of error having been overruled, the judgment of the common pleas court affirming the adjudication of the Ohio Real Estate Commission is affirmed.

*Judgment affirmed.*

KLATT and BRUNNER, JJ., concur.